# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-883

**STATE OF LOUISIANA**

**VERSUS**

**LONNIE PAUL COMEAUX**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 51771
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney - 15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**Telephone:  (337) 232-5170**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**Lynden James Burton**
**Pecantte-Burton & Burton**
**P. O. Box 13738**
**New Iberia, LA 70562-3738**
**Telephone:  (337) 367-1779**
**COUNSEL FOR:**
      **Defendant/Appellant – Lonnie Paul Comeaux**

**Laurie A. Hulin**
**Assistant District Attorney - 15th Judicial District Court**
**P. O. Box 175**
**Abbeville,, LA 70511-017**
**Telephone:  (337) 898-4320**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

Defendant, Lonnie Paul Comeaux, was convicted by a jury of molestation of a juvenile, a violation of La.R.S. 14:81.2, on January 20, 2011. He claims on appeal the trial court erred by allowing the video of the victim's statement into evidence in addition to her live testimony. He further argues the trial court erred in its jury instruction on reasonable doubt.

## FACTS

The victim, D.C.,[1] was eleven years old at the time of trial. She testified Defendant "put his four fingers inside of [her]" while they were lying in bed watching television on Father's Day of 2009. Defendant touched D.C. on her back, stomach, and butt, and "[h]e acted like he was sleeping." She did not think he was really sleeping "[b]ecause, if somebody was sleeping, you really wouldn't move that much. You really wouldn't, like, move all over and everything."

Nicollette Joseph testified as the forensic interviewer at Hearts of Hope, a children's advocacy center. She interviewed D.C. on July 2, 2009, when D.C. was nine years old. The videotaped recording of the interview was shown to the jury over Defendant's objection. D.C. was called as a witness at trial by the State.

## LAW AND DISCUSSION

### Denial of Motion in Limine

Defendant contends the trial court erroneously denied his motion *in limine* because any probative value the Hearts of Hope videotape may have had was outweighed by its prejudicial effect when the declarant was available and testified at trial. This argument lacks merit because admission of the videotape into evidence is statutorily allowed as an exception to the hearsay rule. La.R.S. 15:440.3.

---

[1]Initials of the victim are used to protect the identity of the victim pursuant to La.R.S. 46:1844(W).

Louisiana Revised Statues 15:440.5(A) provides the eight requirements which must be met for admission of a videotape:

(1)     No attorney for either party was present when the statement was made;

(2)     The recording is both visual and oral and is recorded on film or videotape or by other electronic means;

(3)     The recording is accurate, has not been altered, and reflects what the witness or victim said;

(4)     The statement was not made in response to questioning calculated to lead the protected person to make a particular statement;

(5)     Every voice on the recording is identified;

(6)     The person conducting or supervising the interview of the protected person in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7)     The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) The protected person is available to testify.

Ms. Joseph testified this videotaped interview was recorded with no attorneys present. Questions asked of D.C. were not calculated to lead her to a certain answer. The recording was an accurate depiction of what Ms. Joseph recalled, and it was not altered in any way prior to being shown at trial. Voices on the recording can be identified as those of Ms. Joseph and D.C., both of whom were present at trial and both of whom actually testified. While defense counsel objected to the introduction of the videotape into evidence, he never indicated he had not had the opportunity to view it before it was offered. In fact, Defendant filed a motion to produce "a copy of the two DVD's of oral statements of a protected person" on October 27, 2010. The motion was dismissed on December 2, 2010, because "[n]o one showed" at the hearing.

Defendant argues the purpose of showing the videotape was to inflame the jury after D.C. testified, such that "any probative value was outweighed by the

2

prejudicial effect." However, La.R.S. 15:440.5(B) allows the State to both enter the videotape into evidence and call the protected person as a witness at trial. This statute "does not violate defendant's constitutional right of confrontation." *State v. In the Interest of A.M.*, 08-2493, p. 4 (La. 11/21/08), 994 So.2d 1277, 1279 (citing *Crawford v. Washington,* 541 U.S. 36, 59, n. 9, 124 S.Ct. 1354, 1369 (2004)). Further, Defendant's brief recognizes "[i]t would appear that the videotaped statement can be admitted."

**Denial of Jury Instructions on Reasonable Doubt**

Defendant contends the trial court erred by denying his request for jury instructions regarding reasonable doubt. The instruction given to the jury was:

> While the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based on reason and common sense, and it's present when, after you have carefully considered all of the evidence, you cannot say that you are firmly convinced of the truth of the charge.

Defendant sought an additional instruction that "probably guilty is not enough to find guilty." The trial court denied the request. Defendant argues the instruction as given, without his requested additional language, confused the jury about the State's burden of proof.

In *State v. Williams*, 96-1023, p. 39 (La. 1/21/98), 708 So.2d 703, 717, *cert. denied*, 525 U.S. 838, 119 S.Ct. 99 (1998), the Louisiana Supreme Court considered a jury instruction that stated in part:

> Now while the State must prove guilt beyond a reasonable doubt, the State does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based upon reason and common sense, and it's present when after you've carefully considered all of the evidence you cannot say that you are firmly convinced of the truth of the charge.

*Id.* at n. 9. The court held this and other language from the instruction concerning reasonable doubt was not a constitutional violation.

Additionally, this court has found the language of the instruction given to the jury here "adequately informed the jury that the defendant was presumed innocent until proven guilty and was entitled to the benefit of any reasonable doubt." *State v. Watts*, 596 So.2d 306, 310 (La.App. 3 Cir.) *writ denied,* 599 So.2d 316 (La.1992). Accordingly, Defendant's argument lacks merit.

## ERROR PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

The record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform Defendant of the provisions of article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## CONCLUSION

Defendant's conviction and sentence are affirmed. The trial court is directed to inform Defendant of the provisions of article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED.**

4