STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-298

STATE OF LOUISIANA

VERSUS

CHRISTOPHER S. PERRY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 126805
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED WITH INSTRUCTIONS.

Michael Harson
District Attorney
Post Office Box 3306
Lafayette, LA   70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
      State of Louisiana

Michele S. Billeaud
Assistant District Attorney
1007 St. John Street
Lafayette, LA   70501
(337) 266-2055
COUNSEL FOR APPELLEE:
      State of Louisiana

Daniel J. Stanford
812 Johnston Street
Lafayette, LA   70501
(337) 232-2272
COUNSEL FOR DEFENDANT/APPELLANT:
      Christopher S. Perry

**AMY, Judge.**

The defendant was charged with video voyeurism, a violation of La.R.S. 14:283. After a trial, the jury returned a verdict of guilty to that charge. The trial court subsequently imposed a sentence of three years at hard labor, with credit for time served and without benefit of probation, parole, or suspension of sentence. The defendant appeals. For the following reason, we affirm with instructions.

### Factual and Procedural Background

The defendant, Christopher Perry, was charged with video voyeurism, a violation of La.R.S. 14:283. According to the State, P.L.,[1] a friend of the defendant's wife, stayed overnight at the Perrys' home to help out with preparations for the Perrys' children's birthday party. The State alleges that the defendant surreptitiously videotaped P.L. while she was nude. The record indicates that sometime after the party, the defendant's wife, Julie Perry, discovered a videotape which contained footage of P.L. in the Perry's guest bathroom as she dried herself and changed clothes after a shower. After P.L. was given the tape by Mrs. Perry's sister, she filed a complaint with the police and provided them with the videotape.

According to the record, the State subsequently filed a bill of information charging both the defendant and Mrs. Perry with video voyeurism. Mrs. Perry later signed a Memorandum of Agreement with the State indicating that she would waive her spousal witness privilege[2] and testify against the defendant. After a hearing to perpetuate Mrs. Perry's testimony, the State dismissed the charges against her without prejudice.

On Friday, May 6, 2011, the defendant filed a motion to quash the bill of information on the basis of prosecutorial misconduct, a motion to suppress Mrs. Perry's statements on the basis of prosecutorial misconduct, and a motion for a

---

[1] The victim's initials are used pursuant to La.R.S. 46:1844(W).

[2] *See* La.Code Evid. art. 505.

contradictory hearing pursuant to Louisiana Code of Evidence Article 507. The defendant contends that the State's actions in bringing charges against Mrs. Perry were not supported by any evidence against her but were based on the State's desire to coerce her into testifying against her husband in exchange for a dismissal of the charges. In support of that argument, the defendant sought to subpoena Michele Billeaud, the Assistant District Attorney prosecuting the case. On Tuesday, May 10, 2011, immediately before the start of trial, the trial court addressed the defendant's motions.

After permitting argument from both the State and the defendant, most extensively on whether the defendant would be allowed to subpoena the Assistant District Attorney, the trial court denied the defendant's motions. The trial court observed that the motions were not filed timely and that the issue of whether the Assistant District Attorney's testimony was necessary was premature. Therefore, the trial court stated that the defendant would be allowed to reurge that issue, if appropriate during trial.

The defendant petitioned this court for supervisory writs, contending that the trial court erred in failing to hold a hearing on his motions. On May 11, 2011, a panel of this court, in an unpublished writ opinion bearing numbers 11-571 and 11-572, denied the defendant's request, stating:

> **WRITS DENIED; STAY DENIED**: The trial court did not abuse its discretion in denying Defendant's "Motion to Quash State's Bill of Information Based on Prosecutorial Misconduct" and "Motion to Suppress Based on Prosecutorial Misconduct" as untimely. La.Code Crim.P. art 521. Further, the trial court did not err in denying the motion to quash, as the ground alleged in the motion is not a proper ground for such motion. La.Code Crim.P. art. 532. Additionally, the trial court did not err in denying the motion to suppress, as Defendant failed to prove that the evidence was unconstitutionally obtained. La.Code Crim.P. art. 703. As such, the trial court did not err in denying Defendant's request for the issuance of a subpoena to the assistant district attorney. La.Code Evid. Art. 507. Defendant's request for a stay of the proceedings is hereby denied.

After a trial, the jury returned a guilty verdict as to the sole count of video voyeurism. Subsequently, the trial court sentenced the defendant to three years at hard labor, with credit for time served, and without the benefit of probation, parole, or suspension of sentence.

The defendant now appeals, asserting as error that:

> The trial court erred as a matter of law in refusing to conduct an evidentiary hearing on its Motion to Quash, Motion to Suppress and Motion for Contradictory Hearing Pursuant to Louisiana Code of Evidence Article 507.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record indicates that the trial court did not apprise the defendant of the time limitations for filing an application for post-conviction relief contained in La.Code Crim.P. art. 930.8. Accordingly, the trial court is directed to send the defendant appropriate written notice of the provisions of Article 930.8 within ten days of the rendition of this opinion and file written proof in the record that the defendant received the notice. *See State v. Comeaux*, 11-883 (La.App. 3 Cir. 2/1/12), 82 So.3d 1287.

*Hearing on Pre-Trial Motions*

The defendant's sole assignment of error contends that the trial court erred in failing to hold an evidentiary hearing on his pretrial motions, including a motion to quash the bill of information for prosecutorial misconduct, a motion to suppress Mrs. Perry's statements due to prosecutorial misconduct, and a motion for contradictory hearing seeking to subpoena the Assistant District Attorney prosecuting the case.

Louisiana Code of Evidence Article 507 addresses the propriety of subpoenaing a lawyer or his representative in a criminal proceeding, stating:

A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any criminal investigation or proceeding where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless the court after a contradictory hearing has determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:

(1) The information sought is essential to the successful completion of an ongoing investigation, prosecution, or defense.

(2) The purpose of seeking the information is not to harass the attorney or his client.

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information.

The defendant also filed a motion to quash. Essentially, a motion to quash is a mechanism to raise pre-trial defenses which do not go to the merits of the charge. *State v. Thomas*, 28,790 (La.App. 2 Cir. 10/30/96), 683 So.2d 1272, *writ denied*, 96-2844 (La. 4/25/97), 692 So.2d 1081 (citing La.Code Crim.P. arts. 531 through 534; *State v. Perez*, 464 So.2d 737 (La.1985)). Louisiana Code of Criminal Procedure art. 532 lays out the general grounds for a motion to quash, stating that:

A motion to quash may be based on one or more of the following grounds:

(1) The indictment fails to charge an offense which is punishable under a valid statute.

(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.

(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court

may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

Further, pursuant to La.Code Crim.P. art. 534, "[a] motion to quash an information may also be based on one or more of the following grounds: (1) The information was not signed by the district attorney; or was not properly filed. (2) The offense is not one for which prosecution can be instituted by an information." When the trial court considers a motion to quash, it "must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits." *Thomas*, 683 So.2d at 1275.

A defendant may file a motion to suppress "any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained." La.Code Crim.P. art. 703(A). However, "[o]n the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant." La.Code Crim.P. art. 703(D). Further, an evidentiary hearing on

5

the motion is only required when the defendant alleges facts that would require relief. La.Code Crim.P. art. 703(E).

The crux of the defendant's argument is that the trial court erred in failing to hold an evidentiary hearing on his motions. A review of the record indicates that the trial court held a contradictory hearing on the defendant's motions. Before hearing argument on the motion to quash and the motion to suppress, the trial court observed that the motions were not filed timely. Further, the trial court noted that the Assistant District Attorney was not required to give reasons why she dismissed the charge against Mrs. Perry and proceeded against the defendant. The trial court then permitted the parties to submit argument on the issues raised by the defendant's motions.

The defendant addressed his motion seeking to subpoena the Assistant District Attorney for both the defense motions and at trial. According to the defendant's motions, the Assistant District Attorney committed prosecutorial misconduct by filing a bill of information against Mrs. Perry. The defendant's contention was that the Assistant District Attorney was aware that there was insufficient evidence to bring charges against Mrs. Perry but that she did so in order to "get an unfair, unjust, illegal and unethical advantage in a criminal prosecution against [the] defendant." The defendant contended that the subpoena was appropriate because the Assistant District Attorney had conversations with Mrs. Perry and her attorney and that she only pursued the case against Mrs. Perry to resolve issues pertaining to spousal privilege and hearsay.

The trial court rejected the defendant's argument, finding that the issue of the Assistant District Attorney's testimony was premature. However, the trial court noted that the defendant would be permitted to raise the issue again at trial if appropriate.

The trial court went on to hear arguments on whether Mrs. Perry's previous testimony would be admitted into evidence because she had reasserted her spousal

6

privilege.  During arguments concerning that motion, the defendant reasserted his position on the motion to quash and the motion to suppress.  The Assistant District Attorney noted that she was unsure how defense counsel was able to argue what she was thinking at the time she instituted charges and that she believed she had sufficient probable cause to charge both the defendant and Mrs. Perry.  After hearing this argument, the trial court denied the motions.

Accordingly, we find that the trial court held a contradictory hearing on the defendant's motions.  We note that La.Code Evid. art. 507 only requires that the trial court hold a contradictory hearing, not that it requires the trial court to allow the parties to adduce evidence in support of their motion and that La.Code Crim.P. art. 703 requires that the trial court hold an evidentiary hearing only when "the defendant alleges facts that would require relief."  Further, the defendant's pretrial motions were untimely pursuant to La.Code Crim.P. art. 521.  *See State v. Bivens*, 11-156 (La.App. 3 Cir. 10/5/11), 74 So.3d 782, *writ denied*, 11-2494 (La. 3/30/12), 85 So.3d 115.

Additionally, the defendant sought supervisory writs on all three motions, and writs were denied.  Although a defendant may seek review of a pretrial ruling even after a pretrial supervisory writ application is denied, when the defendant does not present any additional evidence on this issue after the pretrial ruling, the issue can be rejected.  *State v. Hebert*, 97-1742 (La.App. 3 Cir. 6/3/98), 716 So.2d 63, *writ denied*, 98-1813 (La. 11/13/98), 730 So.2d 455, *cert. denied*, 529 U.S. 1072, 120 S.Ct. 1685 (2000) (quoting *State v. Magee*, 93-643, p. 2 (La.App. 3 Cir. 10/5/94), 643 So.2d 497, 499)).  However, "[j]udicial efficiency demands that this court accord great deference to its pre-trial decision unless it is apparent that the determination was patently erroneous and produced unjust results."  *Hebert*, 716 So.2d at 68.  Our review of the record reveals no additional evidence for the defendant's allegations of prosecutorial misconduct which would support his pretrial motions.

7

This assignment of error is without merit.

**DECREE**

For the foregoing reasons, we affirm the defendant, Christopher Perry's, conviction and sentence for video voyeurism, a violation of La.R.S. 14:283. The trial court is directed to send the defendant appropriate written notice of the provisions of Article 930.8 within ten days of the rendition of this opinion and file written proof in the record that the defendant received the notice.

**AFFIRMED WITH INSTRUCTIONS.**