**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**14-639**

**STATE OF LOUISIANA**

**VERSUS**

**KHANH H. NGUYEN**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27408-09
HONORABLEWILFORD D. CARTER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**John Foster DeRosier**
**Fourteenth Judicial District Court District Attorney**
**Carla Sue Sigler**
**Karen C. McLellan**
**Assistant District Attorneys**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Michelle A. Breaux**
**Attorney at Law**
**P. O. Box 747**
**Lake Charles, LA 70602**
**(337) 493-8442**
**COUNSEL FOR DEFENDANT-APPELLEE:**
      **Khanh H. Nguyen**

**PICKETT, Judge.**

## FACTS

The trial court quashed the bill of information charging the defendant, Khanh H. Nguyen, with issuing worthless checks in the aggregate amount of $70,000.00 to L'Auberge du Lac Casino.

The defendant was charged by bill of information filed on August 19, 2009, with issuing worthless checks, a violation of La.R.S. 14:71. Defense counsel entered a plea of not guilty on September 21, 2009. The defendant was called for trial on February 3, 2010, and failed to appear. A bench warrant was issued, and the defendant's bond was forfeited. On October 6, 2010, trial was continued at the request of defense counsel. The minutes of November 28, 2011, and September 4, 2012, indicate that, on motion of the state, at the request of the defense, the trial date was refixed. On January 22, 2013, the defense requested that the trial date be continued, and, on motion of the state, the trial was refixed. On September 16, 2013, trial in this matter was refixed at the request of the defense. On October 18, 2013, the defendant filed a motion to quash. A hearing on the motion was held on October 30, 2013, and the trial court granted the motion.

The state filed a motion for appeal on November 6, 2013, which was granted. The state is now before this court asserting the following two assignments of error. For the reasons set forth herein, we vacate the trial court's ruling granting the motion to quash and remand this matter to the trial court for further proceedings.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. The present appeal was filed

by the state seeking review of the trial court's granting of the defendant's motion to quash. This court has found that an error patent review is required in such cases. *State v. Brignac*, 10-276 (La.App. 3 Cir. 10/6/10), 49 So.3d 960; *State v. Gutweiler,* 06-561 (La.App. 3 Cir. 9/27/06), 940 So.2d 160, *aff'd in part, rev'd in part on other grounds*, 06-2596 (La. 4/8/08), 979 So.2d 469. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

1.     The trial court erred when it granted the Defendant's motion to quash filed years after arraignment and that was not based on grounds provided by the quashal [sic] statutes.

2.      The trial court erred when it granted the Defendant's motion to quash without a contradictory hearing based on a ruling he made in an unrelated matter.

## ASSIGNMENT OF ERROR NUMBER ONE

In its first assignment of error, the state contends that the trial court erred when it granted the defendant's motion to quash, which was not based on grounds provided by the relevant statutes, filed years after arraignment.

Louisiana Code of Criminal Procedure Article 532 (footnote omitted) sets forth the general grounds for a motion to quash as follows:

A motion to quash may be based on one or more of the following grounds:

(1) The indictment fails to charge an offense which is punishable under a valid statute.

(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.

(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

2

(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

Louisiana Code of Criminal Procedure Article 534 provides the special grounds for a motion to quash as follows:

A motion to quash an information may also be based on one or more of the following grounds:

(1) The information was not signed by the district attorney; or was not properly filed.

(2) The offense is not one for which prosecution can be instituted by an information.

Louisiana Code of Criminal Procedure Article 535 provides for the time to file a motion to quash, in pertinent part, as follows:

A. A motion to quash may be filed of right at any time before commencement of the trial, when based on the ground that:

(1) The offense charged is not punishable under a valid statute;

(2) The indictment does not conform with the requirements of Chapters 1 and 2 of Title XIII;

(3) Trial for the offense charged would constitute double jeopardy;

(4) The time limitation for the institution of prosecution has expired;

(5) The court has no jurisdiction of the offense charged; or

(6) The information charges an offense for which prosecution can be instituted only by a grand jury indictment.

(7) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

These grounds may be urged at a later stage of the proceedings in accordance with other provisions of this Code.

. . . .

C. A motion to quash on grounds other than those stated in Paragraphs A and B of this Article shall be filed in accordance with Article 521.

Louisiana Code of Criminal Procedure Article 521 provides the time for filing pretrial motions, in pertinent part, as follows:

A. Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.

B. Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.

In *State v. Perez*, 464 So.2d 737, 739-40 (La.1985), the supreme court discussed the nature of a motion to quash and stated the following:

The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. *State v. Gerstenberger*, 260 La. 145, 255 So.2d 720 (1971).

In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the

pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *State v. Gerstenberger*, 260 La. 145, 150, 255 So.2d 720 (1971); *State v. Ponthieux*, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. *State v. Rembert*, 312 So.2d 282 (La.1975); *State v. Patterson*, 301 So.2d 604 (La.1974); *State v. Snyder*, 277 So.2d 660 (La.1973).

In *State v. Advanced Recycling, Inc.*, 02-1889, pp. 9-10 (La. 4/14/04), 870 So.2d 984, 989, the supreme court found:

An exception exists for cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial. *See State v. Legendre*, 362 So.2d 570, 571 (La.1978 – quashing of bill of information for aggravated battery proper when state alleged that the dangerous weapon used was a concrete parking lot).

In his motion to quash, the defendant stated the following, in pertinent part:

1.

Defendant, **KHANH H. NGUYEN** submits that the Bill of Information fails to charge an offense which is punishable under a valid statute and that discovery provided by the State of Louisiana has shown a ground for quashing the indictment under Article 485.[1]

. . . .

_____

[1]Louisiana Code of Criminal Procedure Article 485 provides:

If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.

4.

Once the Casino remembered that defendant, **KHANH H. NGUYEN**[,] was already in default with other Casinos and that defendant had previously defaulted on a marker to them, the casino recalled the money from the defendant after 15 days, instead to [sic] the customary 30 days normally allowed before markers are called for payment.

5.

L'Auberge Dulac Casino contacted **KHANH H. NGUYEN** between April 1, 2008 and March 20, 2009 and attempted to work out some type of immediate payment from the defendant to them. The Casino pushed the State of Louisiana to accept charges against **KHANH H. NGUYEN** for worthless checks since they did not receive complete payments from the defendant.

6.

L'Auberge Dulac Casino was aware that under the gaming law they could lose their gaming licence [sic] if they issued markers to any person who has been in default on markers with any casino. The casino was also aware that they were not authorized to issue markers to **KHANH H. NGUYEN** because the defendant was in default on markers with other casinos and that the defendant has previously been in default with them less than one year prior to the casino issuing these markers. That information was not provided to the State of Louisiana prior to the decision of the State of Louisiana to criminally charge **KHANH H. NGUYEN**.

7.

Before the defendant can be charged with issuing worthless checks, it must be proved that at the time the checks were issued that the defendant intended to defraud the victim. Louisiana Revised Statutes 14:71(A)(1)(a) provides, "{i}ssuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with the intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation." Louisiana Revised Statutes 14:71 (a)(1)(b) provides, "[t}his Section shall apply to a check, draft, or order tended for satisfaction, in whole or in part, of payment due on the installment contract, open accounts, or any other obligation for which the creditor has authorized periodic payments or the extension of time in which to pay." Considering the language of the statute, it is clear that the intent to defraud must exist at the time the check is issued, i.e. coincident with the first deliver

[sic] of the instrument in complete form. La. R..S. 14:71, Reporter's Comment.

8.

The State of Louisiana cannot prove that **KHANH H. NGUYEN** intended to defraud the L'Auberge Dulac Casino. The State has no knowledge that at the time the casino markers were issued, that **KHANH H. NGUYEN** did not have sufficient funds in his account to cover the checks or that the defendant had closed or would close his account before the checks were presented to the bank for payment. It only has evidence that less than 30 days after most of the checks were presented for payment that the account was either empty or closed. The State of Louisiana may only have evidence that some Forty-Three years after one of the checks was presented for payment that payment was not made. The State of Louisiana was not informed by L'AUBERGE Dulac Casino that this is a standard practice, before issuing it's [sic] lines of credit and accepting patron markers, that it ascertains that the patron has sufficient funds available to cover the line of credit or maker [sic] it issued to the patron. L'AUBERGE Dulac Casino did not inform the State of Louisiana that it did not follow it's [sic] standard customary 30 day wait period before it issued the checks to the bank for payment once they realized that they should not have issued the markers. The State of Louisiana originally informed counsel for the defendant, **KHANH H. NGUYEN**[,] that L'AUBERGE Dulac Casino followed the normal practice in this case. The State of Louisiana did not inform counsel for defendant until September 16, 2013, more than four (4) years after defendant was charged the L'AUBERGE Casino had presented some new information about defendant's banking practices.

9.

Furthermore, the checks at issue in this matter, which were casino markers alleged to have been signed by **KHANH H. NGUYEN**, and issued to him based upon information provided to the L'Auberge Dulac Casino which granted to him a line of credit, were alleged to have been issued on February 22, 1965; February 22, 2008; February 23, 2008; February 27, 2008 and March 3, 2008. However, some of the items were presented for payment in less time than the immediate 30 day period once the Casino found out it's [sic] mistake. Instead the Casino present [sic] the items for payment some 15 days after taking the last item in this line of credit. It also appears that one of the items was presented for payment some 43 years after it was requested.

10.

7

The casino, L'Auberge Dulac also made errors in all of it's [sic] paperwork against defendant, **KHANH H. NGUYEN**. If you look at their discovery and police report you will see where the casino states that **KHANH H. NGUYEN** made the alleged withdrawals or markers beginning on February 22, 1965 to March 7, 2008.

At the hearing on the motion to quash, which was held on October 30, 2013, the state objected to proceeding with the hearing. The trial court then stated it would not hear the motion and would set a hearing date, as the presentation of evidence was necessary. Defense counsel asserted there was no need to subpoena anyone because the case involved markers, which were not worthless checks. The trial court then asked: "this is one of those cases where they gave him a marker and did not give him a – he did not give them a check." Defense counsel indicated the trial court was correct. The trial court asked what the law was regarding the handling of markers as checks. The following exchange subsequently occurred:

MS. BREAUX:

> That the gaming police department are [sic] supposed to enforce on the casino when they can lose their license for giving someone markers when they're already in default on markers.
>
> . . . .

MS. BREAUX:

> And further more [sic], he was already in default with them on markers. And then they called him back within 15 days when they realized what they're [sic] screw up was.
>
> . . . .

MS. BREAUX:

> And then tried to send letters out. We have all of that. Tried to get him to pay.

THE COURT:

8

So, basically what you're saying is, while markers are accepted by the Code, like a check.

MS.  BREAUX:

They're not.

THE  COURT:

The law also required that they not give him a marker if he is [sic] already in default for prior markers, right?

MS.  BREAUX:

That's correct.

THE  COURT:

And they gave --

MS.  BREAUX:

And I have all the copies of all the places --

THE  COURT:

And they [sic] supposed to also call and check and make sure he has sufficient funds in the bank to cover the markers.

MS.  BREAUX:

Correct.

THE  COURT:

And if they don't do that then they can -- subject to lose their license, okay.

MS.  BREAUX:

Correct.

THE  COURT:

And in this case they didn't do it.

MS. BREAUX:

Correct.

9

THE COURT:

> And now they [sic] trying to -- they [sic] trying to proceed against this man.

The trial court went on to state the following:

> Yeah, stop -- stop -- stop. The Court is well aware of the argument being made on this Motion to Quash. We had a detailed testimony from law enforcement, State Police, with regard to handling of these markers in the past, and testimony from people from L'Auberge in another case, a case which is -- what's the name of that case.
>
> . . . .
>
> Okay. This case is identical, not identical, but involved the same issue in that case. And the Court granted the Motion to Quash in that case. And in this case, while the Court finds that the casino in question did, in fact, violate the letter of law, in that they gave a man markers in this case when he was already in default. They failed to show that he had money in the bank to cover the markers.
>
> . . . .
>
> And then they're trying to enforce those markers. I think they forfeit the right to go against him when they gave him markers that were not -- in violation of the law.

The trial court then granted the motion to quash "for the same reasons granted in the other case number." The following exchange ensued between the trial court and the state:

MR. BABINEAUX:

> Judge?
>
> . . . .

THE  COURT:

> To which the State objects and take [sic] writs.[2]

---

[2]The defendant argues the assigned errors in this matter should not be considered because the state failed to object to the trial court's granting of the motion to quash.  The trial court did

The trial court then informed defense counsel that it did not want to hear her arguments, "[b]ecause it's the same laws I heard in another case." The trial court subsequently stated, "And I — I'm making a finding that the casino cannot proceed with their complaint because they did not do what the Code required that they do in order to issue the markers. And some of them already prescribed anyway."

The state argues that, while the defendant's motion to quash stated the offense charged was based on an invalid statute, the defendant actually argued the state could not prove he had the intent to defraud the casino, which is an issue to be resolved at trial. The state asserts that this court has found that a defendant's defense to a charged offense cannot form the basis of a motion to quash. In support of its claim, the state cites *State v. Brown*, 07-388 (La.App. 3 Cir. 10/3/07), 966 So.2d 1138, *writ denied*, 07-2159 (La. 3/28/08), 978 So.2d 304, *and writ denied*, 08-326 (La. 3/28/08), 978 So.2d 312, in which this court quoted *State v. Byrd*, 96-2302 (La. 3/13/98), 708 So.2d 401, *cert. denied*, 525 U.S. 876, 119 S.Ct. 179 (1998), wherein the supreme court stated what a motion to quash was and what could be considered by the trial court at a hearing on such a motion, which did not include a defense on the merits.

The state argues that the defendant's motion was not a valid motion to quash based on La.Code Crim.P. art. 535(A)(1) or any other ground listed in section A, which is allowed to be filed at any time prior to the commencement of trial. Accordingly, the defendant's motion is untimely, as it was not filed within fifteen days of arraignment pursuant to La.Code Crim.P. art. 521. The state notes the

not allow the state to speak and entered an objection on its behalf; therefore, we will consider the state's assigned errors.

11

defendant was arraigned on September 21, 2009, and his motion to quash was filed on October 18, 2013. The state contends the motion was untimely and should not have been considered by the trial court.

In *State v. Bivens*, 11-156 (La.App. 3 Cir. 10/5/11), 74 So.3d 782, *writ denied*, 11-2494 (La. 3/30/12), 85 So.3d 115, the defendant filed several pro se motions, two of which the trial court construed as motions to quash. In the first motion, Bivens asked the trial court to dismiss the charge of illegal carrying of weapons. The request in Bivens' second motion was vague but appeared to ask the trial court to quash all charges against him. Bivens complained that police used improper traffic stop procedures, failed to initiate a legitimate traffic stop, and failed to initiate an investigative stop. Bivens also asserted that he was entrapped, police failed to maintain a line of sight, he did not consent to or authorize the search and seizure, and he was not *Mirandized*. Lastly, Bivens averred that police did not have probable cause or suspicion, and there was no prior investigation of suspects to suggest he was involved in criminal activities. This court found that Bivens's motions did not set forth a ground found in sections A or B of La.Code Crim.P. art. 535; thus, he was required to file the motion in accordance with La.Code Crim.P. art. 521, within fifteen days of arraignment.

In *State v. Perry*, 12-298 (La.App. 3 Cir. 11/7/12), 101 So.3d 575, *writ denied*, 12-2657 (La. 5/24/13), 116 So.3d 659, the defendant argued the trial court erred in failing to hold an evidentiary hearing on his pretrial motions, including a motion to quash the bill of information for prosecutorial misconduct. This court discussed defendant's prior writ application as follows:

> The defendant petitioned this court for supervisory writs, contending that the trial court erred in failing to hold a hearing on his motions. On May 11, 2011, a panel of this court, in an unpublished

12

writ opinion bearing numbers 11-571 and 11-572, denied the defendant's request, stating:

> **WRITS DENIED; STAY DENIED**: The trial court did not abuse its discretion in denying Defendant's "Motion to Quash State's Bill of Information Based on Prosecutorial Misconduct" and "Motion to Suppress Based on Prosecutorial Misconduct" as untimely. La.Code Crim.P. art. 521. Further, the trial court did not err in denying the motion to quash, as the ground alleged in the motion is not a proper ground for such motion. La.Code Crim.P. art. 532. Additionally, the trial court did not err in denying the motion to suppress, as Defendant failed to prove that the evidence was unconstitutionally obtained. La.Code Crim.P. art. 703. As such, the trial court did not err in denying Defendant's request for the issuance of a subpoena to the assistant district attorney. La.Code Evid. Art. 507. Defendant's request for a stay of the proceedings is hereby denied.

*Id.* at 577. This court further stated:

> [W]e find that the trial court held a contradictory hearing on the defendant's motions. We note that La.Code Evid. art. 507 only requires that the trial court hold a contradictory hearing, not that it requires the trial court to allow the parties to adduce evidence in support of their motion and that La.Code Crim.P. art. 703 requires that the trial court hold an evidentiary hearing only when "the defendant alleges facts that would require relief." Further, the defendant's pretrial motions were untimely pursuant to La.Code Crim.P. art. 521. *See State v. Bivens*, 11-156 (La.App. 3 Cir. 10/5/11), 74 So.3d 782, *writ denied*, 11-2494 (La.3/30/12), 85 So.3d 115.

*Id.* at 580.

In his motion to quash, the defendant asserted that the bill of information failed to charge an offense which was punishable under a valid statute and that discovery provided by the state had shown a ground for quashing the indictment. The defendant went on to discuss the state's ability to prove his intent to defraud. At the hearing on the motion, defense counsel asserted there was no need to subpoena any witnesses to the hearing because the case involved markers, which were not treated the same as worthless checks. Louisiana Code of Criminal

Procedure Article 536 states, "[T]he court shall hear no objection based on grounds not stated in the motion" to quash. Although defense counsel's claim regarding the treatment of markers as worthless checks was a proper ground for a motion to quash, that ground was not set forth in the defendant's motion to quash and could not be considered by the trial court. *See State v. Pete*, 12-378 (La.App. 4 Cir. 3/20/13), 112 So.3d 353.

Because the defendant's motion to quash was an attack on the state's ability to prove an element of the offense, the case is similar to *Bivens*, 74 So.3d 782, and the motion to quash should have been filed within fifteen days of arraignment. The defendant's motion to quash was untimely and should not have been considered by the trial court. Accordingly, the trial court's ruling quashing the bill of information is vacated, and this matter remanded to the trial court for further proceedings.

## ASSIGNMENT OF ERROR NUMBER TWO

Even had the motion been timely filed, an issue has been raised regarding the necessity for a contradictory hearing in this matter, which we will address.

In its second assignment of error, the state that contends the trial court erred when it granted the defendant's motion to quash without a contradictory hearing based on a ruling it made in an unrelated matter.

The state contends the trial court erroneously relied on testimony taken in another matter and applied it to the case at bar. The state asserts there was nothing to support the trial court's finding that the cases were identical. The state argues that the trial court's reliance on the argument of defense counsel and its prior ruling violated La.Code Crim.P. art. 537, which provides, "All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury."

14

The state further argues that, due to the back and forth between the trial court and defense counsel, it was unable to make any argument, and without a contradictory hearing, neither the state nor the defendant is afforded a fair opportunity to present evidence. The state asserts that this court, in *State v. Sensat*, 07-425 (La.App. 3 Cir. 11/7/07), 969 So.2d 1274, held that a contradictory hearing be had on all motions to quash. In *Sensat*, the defendant filed a motion to suppress evidence of her first DWI conviction, alleging it did not comply with the *Boykin* standards. Following the trial court's grant of the motion to suppress, the defendant moved to amend the motion to that of a dual motion to quash and suppress. In addressing the issues presented by the state, this court stated the following:

> In the instant case, the motion was raised at the beginning of the trial, but the trial court refused to permit the State to introduce witness testimony and relevant evidence. A review of the transcript indicates that the State was not given an opportunity to prove the constitutionality of the plea at issue. Further, the trial court specifically denied the State's request to put Defendant's attorney from the first offense on the stand in an attempt to meet its burden of proving the constitutionality of Defendant's guilty plea to the first DWI conviction. Accordingly, if the trial court allows the filing of the written motion to quash, it is instructed to hold a contradictory hearing at which both the State and Defendant shall be given the opportunity to meet their respective burdens of proof.

*Id.* at 1276-77.

The state contends the trial court made its ruling based on a prior decision it had made, and nothing regarding that case was submitted into evidence to confirm that the facts were the same and the same result should be applied. The state argues that, while the same laws may be applicable to the case at bar and the case previously decided by the trial court, the trial court erred in not holding a

15

contradictory hearing on the issue. The state asks that this matter be remanded to the trial court for a contradictory hearing on the defendant's motion to quash.

The defendant contends this court may not set aside the trial court's finding in the absence of manifest error.[3] The defendant also contends the trial court understood the facts as they related to markers given by the casino as opposed to checks, the gaming rules, and the prior testimony from a previous case. The defendant points out the trial court's remark that it felt the casino forfeited the right to go against the defendant when it gave him markers that were in violation of the law. The defendant claims the trial court's decision was a proper finding based on the testimony presented.

In considering a motion to quash, the trial court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, it may not include a defense on the merits. *Perez*, 464 So.2d 737. The defendant failed to file a motion for bill of particulars and relied on open file discovery. "[O]pen file discovery is not the equivalent of a bill of particulars." *State v. Turnbo*, 07-270, p. 5 (La.App. 3 Cir. 10/3/07), 966 So.2d 1220, 1224. The evidence on which the trial court based its decision was not offered in the case at bar but was presented via testimony in another criminal matter heard by the same trial judge. The testimony not presented in the case at bar and not offered into evidence at the hearing on the defendant's motion could not be considered by the trial court when determining the merits of

_____

[3]The standard of review cited by the defendant is incorrect. The trial court's decision on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. *See State v. Love*, 00-3347 (La. 5/23/03), 847 So.2d 1198.

the defendant's motion to quash. The bill of information should have been the sole point of reference for purposes of disposition of the motion to quash.

The state attempted to speak during the hearing on the motion to quash, and the trial court stated, "To which the state objects and take [sic] writs." The state was not allowed to present any argument on the merits of the motion to quash. For this reasons, the hearing held was not a contradictory hearing.

## CONCLUSION

For the reasons set forth herein, the trial court's granting of the defendant's motion to quash was improper. The trial court's ruling granting the motion to quash is reversed and the matter remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**