TERRI F. LOVE, Judge.
liThe State seeks appellate review of the trial court’s judgment granting Defendant Robert A, Iovenitti’s (“Mr... Iovenitti”) motion to quash the bill of information. The State contends the trial court erred in granting the motion to quash because Mr. Iovenitti failed to show the controlled dangerous substance was possessed pursuant to a valid prescription pursuant to La. C.CrJP. art. 532(10). A review of the record indicates that the trial cou# failed to hold a contradictory hearing on Mr. Ioven-itti’s motion to quash. Pursuant to La. C.Cr.P. art. 537, we find the State is entitled to a contradictory hearing on a motion to quash. Therefore, we' vacate the trial court’s judgment granting Mr. Iovenitti’s motion to quash, lift the stay imposed by the trial court, and remand the matter for a contradictory hearing.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The State charged Mr. Iovenitti with possession with the intent to 'distribute Hydrocodone, a violation of La.' R.S. 40:967; possession with the intent to distribute Alprazolam (a/k/a Xanax), a violation of La. R.S. 40:969; possession of |¡.marijuana, a violation of' La. R.S, 40:969(E)(1); possession of Clonazepam, a violátion of La. R.S. 40:969(C); possession of diazepam (a/k/a Valium), a violation of La. R.S. 40:969(C); and possession of a legend drug, Viagra, a violation of La. R.S. 40:1238.1. In February 2014, Mr. Iovenitti filed a motion to quash the bill of information pursuant to La. C.Cr.P. art. 532(10)— having a valid prescription. The motion to quash only referenced the charges of possessing with the intent to distribute hydro-codone (count one) and Alprazolam (count 2) as well as possession of Viagra (count 6[1] ). Thereafter, the State filed its opposition. On October 9, 2015, the trial court orally granted the motion to quash. The State immediately filed a motion for appeal and requested a stay, and the trial court granted both. On October 13, 2015, the trial court issued written reasons for judgment. This appeal follows.

CONTRADICTORY HEARING

The record fails to show that a contradictory hearing was held on Mr. Iovenitti’s *1146 motion to quash. La. C.Cr.P. art. 537 mandates that “[a]ll issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” (emphasis added). Louisiana jurisprudence has previously held that La. C.Cr.P. art. 537 mandates a contradictory hearing on motions to quash. State in Interest of M.J., 14-0622, p. 15, fn. 10 (La.App. 4 Cir. 2/4/15), 160 So.3d 1040, 1049 (noting trial court erred in failing to hold a hearing on the merits of a motion to quash); State v. Nguyen, 14-639, p. 17 (La.App. 3 Cir. 11/5/14), 150 So.3d 562, 572 (granting a motion to quash without a hearing was improper); State v. Sensat, 07-425, p. 4 (La.App. 3 Cir. 11/7/07), 969 So.2d 1274, 1276 (State was entitled to a contradictory hearing on motion to quash); State v. Stewart, 02-0196 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, 1281-82 (art. 537 implicitly mandates a hearing); State v. Lowry, 00-107, p. 6 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275, 1278 (citing art. 537 and remanding for hearing on motion to quash).
In this case, the trial court accepted the filing of Mr. Iovenitti’s motion to quash as well as the State’s brief in opposition to the motion. However, the October 9, 2015 proceeding does not constitute a contradictory hearing pursuant to La. C.Cr.P. art. 537. The State was not afforded an opportunity to address the merits or present argument relating to Mr. Iovenitti’s motion to quash. Thus, the record fails to show that a contradictory hearing was held on the merits of the motion to quash. For this reason, we find the trial court erred. We order that the case be remanded for a contradictory hearing on the motion to quash pursuant to La. C.Cr.P. art. 537. We pretermit discussion of the State’s remaining assignments of error.

DECREE

We find the State is entitled to a contradictory hearing on Mr. Iovenitti’s motion to quash under La.. C.Cr.P. art. 537. There is no indication in the record that such a hearing was held in this case. For this reason, we find the trial court erred when it failed to hold a contradictory hearing on the motion to quash. Accordingly, this Court vacates the trial court’s judgment granting Mr. Iovenitti’s |4motion to quash, lifts the stay imposed by the trial court, and remands the matter for further proceedings consistent with this opinion.
REVERSED; VACATED; REMANDED.

. The trial court's written judgment refers to "Count 5” for the possession of Viagra of*-fensa However, that charge is referenced as . count 6 in the bill of information.