STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 22-208


STATE OF LOUISIANA

VERSUS

DEISMOND DERRAL SIMMONS



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 4964-19
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego, Judges.



**REVERSED AND REMANDED.**

**Stephen C. Dwight**
**Fourteenth Judicial District Court District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Meghan Harwell Bitoun**
**Louisiana Appellate Project**
**P.O. Box 4252**
**New Orleans, LA 70178**
**(504) 470-4779**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Deismond Derral Simmons**

**John E. Turner**
**Fourteenth Judicial District Court Assistant District Attorney**
**901 Lakeshore Drive Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**EZELL, Judge.**

This is an appeal by the State of Louisiana of the trial court's grant of Defendant's motion to quash based on untimely prosecution. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

## FACTS

Defendant, Deismond Derral Simmons, age 30, is accused of committing indecent behavior with a juvenile, age 15, on December 6, 2018. On February 5, 2019, Defendant was charged by bill of information with one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81(A)(1). On September 3, 2021, Defendant filed a Motion to Quash, alleging the State failed to timely commence trial. At a hearing held November 12, 2021, the trial court granted the Motion to Quash. On November 17, 2021, the State filed a motion for appeal, which was granted that same day. Now before this court is a brief filed by the State alleging two assignments of error as to the trial court's grant of Defendant's motion to quash.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. This is an appeal by the State of the trial court's granting of Defendant's Motion to Quash. "This court has found that an error patent review is required in such cases." *State v. Powell*, 19-696, p. 1 (La.App. 3 Cir. 3/25/20), 297 So.3d 841, 842 (citing *State v. Nguyen*, 14-639 (La.App. 3 Cir. 11/5/14), 150 So.3d 562; *State v. Brignac*, 10-276 (La.App. 3 Cir. 10/6/10), 49 So.3d 960; and *State v. Jones*, 13-395 (La.App. 3 Cir. 11/6/13), 130 So.3d 1). After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

The State alleges the district court committed legal error in granting Defendant's motion to quash without considering whether the time period for commencing trial was interrupted by emergency orders issued in relation to Hurricane Laura and COVID-19.

> A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. *See* La.Code Crim.Proc.Ann. arts. 532(7), 581[.] When defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled.
>
> An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." Once the cause of interruption disappears, the two-year time limit begins anew. *See* La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.

*State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286-87 (case citations omitted) (footnote omitted).

Since prosecution was instituted against Defendant on February 5, 2019, the State had until February 5, 2021, to commence trial unless the time period was interrupted or suspended. La.Code Crim.P. art. 578. In his motion to quash, Defendant acknowledged that he moved to continue the case on June 30, 2020, extending the deadline for commencing trial until June 30, 2021. Defendant also acknowledged that on August 28, 2020, the supreme court issued an emergency

order due to Hurricane Laura. The order, Defendant claimed, suspended the prescriptive period for commencing trial for thirty days. Defendant acknowledged the supreme court issued another order on September 22, 2020, suspending the prescriptive period for another thirty days because of Hurricane Laura. Defendant concluded his motion by stating:

> 30 days from June 30, 2021 was July 30, 2021. 30 days from July 30, 2021 was August 28, 2021. August 29, 2021 was a Sunday. August 30, 2021 all courts in Calcasieu Parish were closed because of Hurricane Ida. Tuesday, August 31, 2021 was the last day that the STATE could lawfully call this matter to trial.

According to Defendant, the time period for commencing trial expired on August 31, 2021. Defendant filed a Motion to Quash on September 3, 2021, which was granted on November 12, 2021.

In its opposition to Defendant's motion to quash, the State contended Defendant failed to account for the COVID-19 jury trial moratorium instituted by the supreme court. The State asserted that two orders issued by the supreme court on January 11, 2021, and February 11, 2021, "ultimately suspended prescription until April 1, 2021." This suspended period, the State contended, added seventy-nine days to the prescriptive period, extending the deadline to commence trial until November 18, 2021.

The following relevant events occurred between the February 5, 2019 institution of prosecution and the filing of the September 3, 2021 motion to quash:

- February 5, 2019 – Bill of information filed charging Defendant with indecent behavior with a juvenile.

- February 25, 2019 – Defendant entered a plea of not guilty and elected to be tried by a jury. A pre-trial conference was fixed for June 4, 2019.

- March 12, 2019 – Pre-trial conference refixed for July 30, 2019.

3

- June 3, 2019 – Motion for Bill of Particulars filed by Defendant (trial court signed order on May 31, 2019).

- June 3, 2019 – Motion for Discovery filed by Defendant (trial court signed order on May 31, 2019).

- July 2, 2019 – Answer to Motion for Discovery filed by the State.

- July 16, 2019 – First Supplemental Answer to Motion for Discovery filed by State.

- July 22, 2019 – Supplemental Discovery Motion and Request for Production filed by Defendant.

- July 22, 2019 – Motion for Discovery of Video Statements of Protected Persons filed by Defendant – trial court signed order the same day.

- July 30, 2019 – At the request of defense counsel and with no objection by the State, pretrial conference was refixed for October 1, 2019.

- August 13, 2019 – On motion of the State, the trial court ordered the motions hearing refixed for October 1, 2019.

- August 15, 2019 – Answer to Defendant's Motion for Discovery of Video Statements of Protected Persons filed by the State.

- August 26, 2019 – Second Supplemental Answer to Motion for Discovery filed by State.

- September 17, 2019 – First Supplemental Answer to Motion for Discovery filed by the State.

- October 1, 2019 – On the State's motion, pre-trial conference was refixed for November 19, 2019.

- November 19, 2019 – On the State's motion, the court ordered the case management conference refixed for February 11, 2020.

- December 30, 2019 – First Supplemental Answer to Motion for Discovery filed by the State.

- February 4, 2020 – On the State's motion, the court ordered a motions hearing fixed for February 12, 2020.

- February 11, 2020 – On Defendant's motion, the court ordered a hearing on Defendant's Motion to Quash, which is not the motion at issue in the present case, to be refixed for February 12, 2020.

4

- February 28, 2020 – On the State's motion, the court ordered the pre-trial conference to be refixed for May 19, 2020.

- March 16, 2020 – Louisiana Supreme Court ordered all jury trials scheduled to commence between March 16, 2020, and March 27, 2020, to be continued to a date no earlier than April 13, 2020. (Orders #2020-4 and #2020-5).

- March 16, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least Monday, April 13, 2020. (Proclamation # JBE 2020-30).

- March 20, 2020 - Louisiana Supreme Court ordered all jury trials scheduled to commence between March 20, 2020, and April 13, 2020, to be continued to a date no earlier than April 14, 2020. (Order #2020-5).

- March 23, 2020 – Louisiana Supreme Court repealed and replaced its prior orders from March 16 and March 20, 2020, and ordered that all jury trials set to commence between March 23, 2020 and May 1, 2020, to be continued to a date no earlier than May 4, 2020. (Order #2020-7).

- April 2, 2020 - Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least April 30, 2020. (Proclamation # 41 JBE 2020).

- April 22, 2020 - Louisiana Supreme Court ordered no jury trials were to commence before June 30, 2020, and all provisions of previous orders not explicitly altered remained binding. (Order #2020-10).

- April 30, 2020 - Louisiana Supreme Court ordered all provisions of its April 6, 2020 order (as modified on April 22) to remain in effect. (Order #2020-12).

- April 30, 2020 - Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until May 15, 2020. (Proclamation # 52 JBE 2020).

- May 14, 2020 - Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until June 5, 2020. (Proclamation # 59 JBE 2020).

- May 15, 2020 - Louisiana Supreme Court repealed and replaced the April 6, April 22, and April 29, 2020 orders and ordered that no jury trials shall commence before June 30, 2020. (Order #2020-15).

- May 19, 2020 – Trial court ordered pre-trial conference refixed for June 30, 2020.

- June 4, 2020 - Governor's Emergency Proclamation suspending all legal deadlines, EXCLUDING LIBERATIVE PRESCRIPTION AND PEREMPTIVE PERIODS APPLIABLE TO LEGAL PROCEEDINGS, until June 15, 2020. Liberative prescriptive and peremptive periods suspended through July 5, 2020. (Proclamation # 75 JBE 2020).

- June 5, 2020 - Louisiana Supreme Court ordered that all provisions of the May 15, 2020 order remain in effect. (Order #2020-17).

- June 30, 2020 – Trial court granted oral motion for continuance filed by Defendant. On the State's motion, the pre-trial hearing was re-fixed for September 22, 2020.

- August 27, 2020 – Hurricane Laura made landfall.

- August 28, 2020 – Louisiana Supreme Court issued an emergency order suspending all prescriptive, peremptive, and abandonment periods statewide for a period of thirty days commencing from Governor's August 21, 2020 declaration of state of emergency. (Order #2020-25).

- September 9, 2020 – Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within twenty-one parishes, including Calcasieu Parish. The suspended period commenced on August 21, 2020, and lasted thirty days. (Order #2020-28).

- September 22, 2020 – Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within eight parishes, including Calcasieu Parish. The suspension commenced on September 21, 2020, and was for thirty days. (Order #2020-32).

- November 10, 2020 – Trial court ordered pre-trial conference fixed for March 2, 2021.

- January 11, 2021 - Louisiana Supreme Court ordered that no jury trials commence before March 1, 2021. (Order #2021-2).

- February 11, 2021 - Louisiana Supreme Court ordered that no jury trials commence before April 1, 2021. (Order #2021-6).

- March 2, 2021 – Hearing held wherein Defendant notified trial court that he rejected the State's plea offer. Trial set for September 13, 2021.

- September 3, 2021 – Motion to Quash filed by Defendant.

*November 12, 2021 Hearing on Motion to Quash*

At the hearing on the motion to quash, defense counsel argued that none of the COVID-19 orders suspended prescription. Defense counsel further argued:

> None of those COVID orders suspends prescription. They do say that certain things will not happen. And for the record, this Division of the Court had multiple trials, several of which were not at the edge of prescription, held. The State calls the cases. The State sets the priority list. Mr. Simmons, I don't believe, has been on a priority list since the trials resumed.
>
> Therefore, clearly, the State did not intend to try it because if they had wanted to, they certainly could have. I know of at least two trials Your Honor has conducted since trials have resumed, and I - - there could be more. I don't know. There were trial weeks. And this is - - actually, I know of at least three. This has not come up. The State writes the priority list. The State calls cases for trial. The State chose not to call Mr. Simmons' case for trial.

Defense counsel further argued that the COVID-19 orders did not reference prescription and were worded differently than the orders concerning Hurricane Laura. If the supreme court had intended to suspend prescription by any of the COVID-19 orders, defense counsel asserted, it would have stated such.

The State responded that the COVID-19 orders "most definitely do reference the time limitations." The State further argued:

> But because this matter is scheduled for a jury trial and no jury trial was possible to commence by order of the Louisiana Supreme Court from January 11th until, ultimately, April 1, that would be outside the control of the State that it was impossible to proceed to jury trial against Mr. Simmons. And so, I don't believe that the Supreme Court avoiding the blanket language that it had used for the

Hurricanes was an indication that it did not intend to suspend prescription.

Noting that Defendant's case was not listed on any of the State's priority lists, defense counsel concluded that it was "quite disingenuous for the State to hide behind the time - - the limitations."

*Trial Court's Ruling*

The trial court granted Defendant's motion to quash, ruling as follows:

> I think I've heard enough at this time. There does seem to be some issues as to whether or not the actual suspension and prescription was addressed by the orders of the Supreme Court. No disrespect to that authority, of course, from this Court, but I am going to grant the Motion to Quash at this time. This may be, obviously, one that I suspect the District Attorney's Office is going to take some writs on. And hopefully, we'll some [sic] clarification from the Third Circuit and the Supreme Court.

*Arguments in Brief*

For the first time, the State argues the various court closures due to COVID-19 and hurricanes should be treated as *interruptions* to the prescriptive period for commencing trial. According to La.Code Crim.P. art. 579, the State asserts, these interruptions caused the time period for commencing trial to start anew.

In his response brief, Defendant contends this argument was not raised in the trial court and, thus, should not be considered by this court. Additionally, Defendant contends that none of the supreme court orders regarding the hurricanes or COVID-19 state that the time period was *interrupted*. Defendant asserts, "Louisiana Supreme Court's orders must prevail, and those calculations state that they are meant to suspend time periods for cases that were continued because of the Court's Order . . . ." Finally, Defendant argues that "the time limitation effects of catastrophes such as hurricanes and other acts of God must be addressed on a case-by-case basis."

8

*Analysis and Applicable law*

Louisiana Code of Criminal Procedure Article 578(A)(2) provides: "Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable: . . . [i]n other felony cases after two years from the date of institution of the prosecution[.]" However, the two years shall be interrupted and commence to run anew from the date the cause of the interruption no longer exists in certain situations set forth in La.Code Crim.P. art. 579. One of those situations is provided for in La.Code Crim.P. art. 579(A)(2) (emphasis added):

> The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or **for any other cause beyond the control of the state**[.]

Louisiana Code of Criminal Procedure Article 580 sets forth the situations in which the time period is suspended:

> A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
>
> B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.

*Standard of Review*

> Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206. However, the trial court's legal findings are subject to a de novo standard of review. **State v. Hamdan**, 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816; **State v. Smith**, 99-0606, p. 3 (La. 7/6/00), 766 So.2d 501, 504. This case presents both a question of law as to the proper interpretation of the meaning of the La. C.Cr.P. art. 576 phrase "based on the same facts"

and a question as to the propriety of the trial court's application of that provision to the facts and circumstances of the instant case.

*State v. Gray*, 16-687, pp. 3-4 (La. 3/15/17), 218 So.3d 40, 43.

Once the accused shows that the State has failed to bring him to trial within the time period specified by La.C.Cr.P. art. 578, the State bears a heavy burden of demonstrating that either an interruption or a suspension tolled the statute of limitations. *See, e.g., State v. Morris*, 1999-3235 (La. 2/18/00) (per curiam), 755 So.2d 205.

*State v. Schmidt*, 21-491, p. 3 (La. 1/28/22), 333 So.3d 411, 413.

## *Merits of State's Argument in Trial Court*

As noted above, the State argued to the trial court that the jury trial moratorium imposed by the supreme court due to COVID-19 was "outside the control of the State" and focused on two orders by the supreme court:

- January 11, 2021 - Louisiana Supreme Court ordered that no jury trials commence before March 1, 2021.

- February 11, 2021 - Louisiana Supreme Court ordered that no jury trials commence before April 1, 2021.

Although the State asserted that the supreme court's orders were "outside the control of the State," the State did not argue to the trial court that these orders *interrupted* prescription. Rather, the State argued that the seventy-nine-day time period of the jury trial moratorium constituted a suspension that should be added to the August 31, 2021 expiration date calculated by defense counsel. Thus, the State argued that it had until November 18, 2021, to commence trial (a date beyond the September 3, 2021 motion to quash filed by Defendant).

Defendant argued, both in the trial court and in his response brief, the wording used in these two orders indicates the suspended time period applied only to those cases that had jury trials scheduled to commence during the moratorium period. Earlier COVID orders issued by the supreme court on March 16, 2020,

10

March 20, 2020, and April 6, 2020, all stated that "All jury trials, both civil and criminal, scheduled to commence in any Louisiana state court between" the affected dates, "are hereby continued to a date to be reset by local order no earlier than" the order's expiration date. The January 11, 2021 Order states, in pertinent part (emphasis added):

> IT IS HEREBY ORDERED THAT:
>
> 1. Jury Trials:  **No civil or criminal jury trial shall commence** in any Louisiana state court before March 1, 2021.  Civil and criminal jury trials that are in progress as of the date of this Order may continue to conclusion, in the discretion of the local court.
>
> 2. Speedy Trial Computations:  Given the public health concerns and the necessity of taking action to slow the spread of the disease, **the continuances occasioned by Section 1 of this Order serve the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial**.  **Therefore, the time periods of such continuance shall be excluded from speedy trial computations pursuant to law**, including but not limited to those set forth in the Louisiana Code of Criminal Procedure and the Louisiana Children's Code, and presumptively constitute just cause.

On February 11, 2021, the supreme court issued an identical Order extending the moratorium on jury trials to April 1, 2021.  Since Defendant's trial was not scheduled to take place during the moratorium caused by these two orders, it could be argued the suspended period would not have applied to Defendant.  In its brief, the State attempts to counter this by contending that "[t]he net effect of the Covid orders is that they are a suspension of jury trials."  The State further argues:

> Both Covid orders specified that no jury trial may occur.  That alone should be sufficient to constitute a suspension of time limitations.  If it were not, the Court clarified in the next paragraph of the order "that the continuances occasioned by Section 1 of this Order serve the ends of justice and outweigh the best interest of the public and the defendant to a speedy trial. Therefore, the time periods of such continuance shall be excluded from speedy trial computations pursuant to law, including but not limited to those set forth in the

11

Louisiana Code of Criminal Procedure and the Louisiana Children's Code, and presumptively constitute just cause." The language clearly noted that these "continuances" should be excluded from speedy trial calculations under the Code of Criminal Procedure which presumably includes Code Crim. P. art. 580 concerning suspension of prescription.

Defendant counters the State's argument by asserting:

Counsel has not found authority specifically applying the general rules of statutory construction to orders of the Louisiana Supreme Court, but the Louisiana Supreme Court itself has approvingly used statutory methods of interpretation in interpreting its own Rules of Court. *See In re Donnan*, 01-3058, p. 7 (La. 1/10/03), 838 So.2d 715, 719-720, in which the court found that a Louisiana Supreme Court rule at issue was stated "in unambiguous terms" and must apply "as it is written."

We disagree with defense counsel and find that the clear wording of the supreme court's COVID-19 orders in January 2021 and February 2021 applies to any case in which trial had not commenced as of the time of the orders. Thus, the argument raised by the State pertaining to suspension in the trial court has merit and the time limit was extended by seventy-nine days. The trial court erred in granting the motion to quash

*Whether State's Interruption Argument is Properly Before the Court*

While we find the trial court erred in granting the motion to quash based on suspension, we also find it relevant to discuss the State's argument regarding interruption of the time period.

For the first time, the State argues to this court that the court closures caused by Hurricane Laura and COVID-19 were causes "beyond the control of the state" and *interrupted* the two-year prescriptive period for commencing trial. Because an interruption causes the two-year time period to run anew, the State argues that the time for commencing Defendant's trial has yet to expire. Before discussing the merits of this argument, however, we note that Defendant asserts the State should

be prevented from making this argument since the State failed to argue "interruption" in the trial court.

In *State v. Bibbins*, 14-971 (La. 12/8/14), 153 So.3d 419, the supreme court took judicial notice of the landfall of Hurricane Isaac and ultimately concluded that Hurricane Isaac interrupted the prescription at issue in that case. Since no mention of Hurricane Isaac was made in the court of appeal's decision, it appears the supreme court reached this conclusion even though it was not argued by the State. *See State v. Bibbins*, 13-1266 (La.App. 4 Cir. 4/16/14) (unpublished opinion), *rev'd,* 14-971 (La. 12/8/14), 153 So.3d 419.

Additionally, in *State v. Romar*, 07-2140 (La. 7/1/08), 985 So.2d 722, the supreme court found the court of appeal erred in precluding the State from arguing a cause for interruption that was not raised in the trial court. The supreme court stated:

> We further find that the court of appeal erred in ruling that the state may not argue the cause of interruption under La.C.Cr.P. art. 579(A)(3) because it failed to raise the issue in the trial court. It clearly appears from the transcript of the proceedings conducted on January 18, 2007, that when the state offered a "quick argument" on its case for excusing the apparent untimeliness of the prosecution, the trial court cut it off with a curt, "No," and proceeded to give its reasons for granting the motion to quash. To the extent that defendant had previously pleaded guilty to the criminal contempt citation, he had removed any factual dispute over the question of whether he had failed to appear after receiving actual notice of the trial date set for April 20, 1998, notwithstanding his testimony at the hearing that he merely checked in with the clerk of court on March 5, 1998, and did not receive a subpoena for the reset trial date. Thus, the failure of the state to argue a specific cause of interruption in the trial court, a direct result of the court's action cutting off any argument, did not prejudice defendant in responding to what had become, given his guilty plea, a purely legal question regarding the proper interpretation of La.C.Cr.P. art. 579(A)(3).

*Romar*, 985 So.2d at 727-28.

This case is similar to *Romar* in that the State's argument as to interruption is purely a legal question with no factual disputes. There is no factual dispute that Hurricanes Laura and Delta and COVID-19 caused courts to close during the two-year time period in which Defendant's trial was to commence. Thus, the issue is not a factual issue but a legal issue as to whether the closures due to hurricanes and COVID-19 constituted a cause beyond the control of the State and, thus, interruptions of the time period under La.Code Crim.P. art. 579. Since this is purely a legal question, we find the issue is properly before this court.

The State argues that the various court closures due to COVID-19 and hurricanes should be treated as interruptions to the prescriptive period for commencing trial. According to La.Code Crim.P. art. 579, the State asserts, these interruptions caused the time period for commencing trial to start anew.

As stated previously, in *Bibbins*, 153 So.3d at 419 (alterations in original), the supreme court took judicial notice of the landfall of Hurricane Isaac and ultimately concluded that Hurricane Isaac interrupted the prescription at issue in that case:

> Writ granted. The ruling of the trial court is reversed. We may take judicial notice that the impending landfall of Hurricane Isaac in southeast Louisiana led to the closure of the Orleans Parish Criminal District Court on August 28, 2012 and prevented the state from bringing defendant to trial on that date. La.C.E. art. 201(C) ("A court may take judicial notice [of adjudicative facts], whether requested or not."); *State v. Foneseca,* 378 So.2d 389, 392 ("[W]e are entitled to take judicial notice of the facts of nature [such as time of sunset on a particular day] under [former] La.Rev. Stat. 15:422(6)."); *State v. Lundy,* 131 La. 910, 60 So. 613, 614 (1913) ( "This court takes judicial notice of the fact that, when the defendant was called for trial and for some time prior to that date, a considerable portion of the parish of Pointe Coupee was under water from the crevasses in the levees of the Mississippi river. . . ."). This cause beyond control of the state interrupted the two-year prescriptive period in which to bring defendant to trial. La.C.Cr.P. art. 579(A)(2); *State v. Patin,* 11-0488, p. 18 (La.App. 4 Cir. 5/23/12), 95 So.3d 542, 552 (Hurricane Katrina

interrupted three-year prescriptive period to bring capital murder defendant to trial until jury trials resumed in Orleans Parish); *State v. Brazile,* 06-1611, p. 4 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 336 (same), *writ denied,* 07-1339 (La.1/7/08), 973 So.2d 733. Therefore, the motion to quash filed by defendant on July 9, 2013 was premature and the trial court erred in granting him relief. The ruling of the trial court is reversed and the matter is remanded back to the trial court for further proceedings.

In *State v. Brazile*, 06-1611, pp. 4-5 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 335-36 (alterations in original), *writ denied*, 07-1339 (La. 1/7/08), 973 So.2d 733, the court found that Hurricane Katrina was a cause beyond the control of the State, interrupting the prescriptive period for bringing Brazile to trial:

> Given the language in La.C.Cr.P. art. 579, we find it unnecessary to piece together periods of suspension as provided by article 580. Article 579 provides that the period of limitation set forth in article 578 shall be interrupted if "the defendant cannot be tried because of . . . any . . . cause beyond the control of the state." Under La.C.Cr.P. art. 579(B) "periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists." As noted in *State v. Rome,* 93-1221, p. 4, 630 So.2d at 1287: "An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute."

> This Court acknowledges that the State was prevented from trying Mr. Brazile on September 19, 2005 and for some time thereafter while the court was not in operation due to Hurricane Katrina. An application of article 579 allows for the two-year limitation period imposed by article 578 to commence anew once the causes preventing the State from trying the defendant were removed and the court reconvened. This court need not determine exactly when this occurred as the motion to quash was granted after only a little more than one year had elapsed since Hurricane Katrina struck the Gulf Coast. At that point, the State still had at least a year in which to commence trial. Although the renewal of the entire two-year period could be construed as extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this matter and therefore is not currently before this court. As a court of review, we are restricted by the contents of the record. Thus, this Court must determine that the trial court erred in granting defendant's motion to quash.

According to the National Weather Service website, Hurricane Katrina made landfall on August 29, 2005. The fourth circuit's timeline of Brazile's trial indicates a joint motion to continue trial was made on August 23, 2005, continuing the trial until September 8, 2005. Thus, unlike in *Bibbins*, the trial in *Brazile* was not scheduled to be held the same day that Hurricane Katrina hit. Trial was scheduled, however, shortly after the hurricane hit.

In *State v. Davis*, 09-53 (La.App. 4 Cir. 9/30/09), 21 So.3d 1038, the fourth circuit found the interruption caused by Hurricane Katrina applied to a case that was set for a pre-trial conference (not trial) on the same day the hurricane hit. Finally, in *State v. Williams*, 08-1046, p. 2 (La.App. 4 Cir. 2/10/09), 5 So.3d 904, 905-06, the fourth circuit found the prescriptive period was interrupted by Hurricane Katrina, even though the trial judge found the State could have brought Williams to trial prior to Katrina. Reversing the trial court's grant of Williams' motion to quash, the fourth circuit stated:

> Thus, it appears to this Court that the trial court did not allow the La.C.Cr.P. art. 578 two-year period in which to bring the defendant to trial to be interrupted by Katrina believing that the State knew where the defendant was and could have tried him sooner. This inference seems to be a reference to La.C.Cr.P. art. 579(A)(1) which provides for interruption of the time period where the defendant absents himself for the purpose of avoiding detection which the defendant did not do in this case. However, this fails to take into account the provisions of La.C.Cr.P. art. 579(A)(2) which allows for interruption of the two-year period "for any other cause beyond the control of the state." The fact that the State could have tried the defendant sooner is impertinent as long as the State brings the defendant to trial within the time period allowed by La.C.Cr.P. art. 578, subject to the interruptions allowed by La.C.Cr.P. art. 579 and the suspensions allowed by La.C.Cr.P. art. 580. Pursuant to *Rome, Brazile* and *Francis* cited, supra, we find that the State is not untimely and that the filing by the defendant of the motion to quash has further extended the time in which the State must commence trial in accordance with La.C.Cr.P. art. 580.

*Williams*, 5 So.3d at 905-06.

Although no trial was scheduled in the present case at or near the time of the court closure due to Hurricane Laura, a pre-trial conference was scheduled for September 22, 2020. Thus, activity was taking place in Defendant's case. Accordingly, we find the two-year prescriptive period in the present case was interrupted on August 27, 2020, by the extended court closure due to Hurricane Laura. Although there was some question in the Hurricane Katrina cases as to when the period of interruption ended and prescription began to run anew, such an analysis need not be made in this case. Even if the prescriptive period began to run anew on the same day Hurricane Laura hit, the State would have until August 27, 2022, to commence trial against Defendant. Thus, at the time of Defendant's motion to quash, the State would still have had almost a year to commence Defendant's trial.

Defendant contends that none of the supreme court orders regarding the hurricanes state that the time period was *interrupted*. Defendant asserts, "Louisiana Supreme Court's orders must prevail, and those calculations state that they are meant to suspend time periods for cases that were continued because of the Court's Order . . . ." The supreme court's orders should not change the legislature's statutory provision that a cause beyond the control of the State *interrupts* prescription.

Finally, Defendant argues that "the time limitation effects of catastrophes such as hurricanes and other acts of God **must be addressed on a case-by-case basis[.]**" Defendant argues:

> The case-by-case nature of this matter is crucial. The State does not allege that it tried to bring Mr. Simmons to trial but was unable to do so. It makes no sense to give the State the benefit of the legal effect of interruption where the cause of the interruption did not prevent the State from taking this case to trial in other cases in the

same jurisdiction. The orders of the Supreme Court on this issue—which emphasize maintaining court operations as much as possible by providing for in-person and remote proceedings to the greatest extent practicable—seem to be specifically tailored to avoid finding that time delays were interrupted.

We have already touched on this argument to some extent and found no cases that required Defendant's trial to be set at or near the time of the interruption.

We find the State's interruption argument is a legal argument that can be considered by this court even though it was not raised in the trial court. We further find the court closure due to Hurricane Laura interrupted the time period for commencing Defendant's trial and caused the time period to run anew for an additional two-year period. Thus, at the time Defendant filed his motion to quash on September 3, 2021, the State had until at least August 27, 2022, to commence trial against Defendant. Accordingly, this court finds the time period for commencing trial was also suspended and the trial court erred in granting the motion to quash.

*Governor's Emergency Proclamations*

Although not argued by the State in either in the trial court or on appeal, we note the governor also issued several Covid-related proclamations that suspended the time period in this case. Specifically, effective March 17, 2020, Governor Edwards ordered that legal deadlines, including those set forth in the Louisiana Code of Criminal Procedure, were suspended until at least April 13, 2020. (Proclamation Number JBE 2020-30). Thereafter, effective April 2, 2020, Governor Edwards ordered that these legal deadlines be suspended until at least April 30, 2020. (Proclamation Number 41 JBE 2020). Then, effective May 1, 2020, Governor Edwards again suspended these legal deadlines until May 15, 2020, and effective May 15, 2020, the delays were suspended until June 5, 2020.

(Proclamation Numbers 52 JBE 2020 and 59 JBE 2020). Finally, effective June 5, 2020, Governor Edwards suspended the pertinent legal delays until June 15, 2020. (Proclamation Number 75 JBE 2020). These suspensions totaled ninety days. As with several other issues previously discussed, this issue was not raised in the trial court. Since it is a purely legal question, however, and something this court can take judicial notice of, we find the governor's orders suspended the time period to commence Defendant's trial by ninety days.

Accordingly, the time period for commencing trial was also suspended by the ninety-day period, therefore, the August 31, 2021 deadline alleged by Defendant was extended by ninety days. Thus, at the time of the motion to quash (September 3, 2021), the time period would not have expired, also warranting a reversal of the trial court's grant of Defendant's motion to quash.

### ASSIGNMENT OF ERROR NUMBER TWO

This assignment of error is moot since we find the trial court erred in granting the motion to quash in assignment of error number one.

### CONCLUSION

We find the trial court erred in granting Defendant's motion to quash on several grounds. We find that the two orders issued by the supreme court on January 11, 2021, and February 11, 2021, suspended prescription for seventy-nine days.

We also find that this court is not precluded from reviewing the State's new arguments regarding interruption. The State proved that the extended court closure due to Hurricane Laura interrupted the time period for commencing Defendant's trial and caused the time period to run anew for an additional two-year period.

Thus, at the time Defendant filed his motion to quash on September 3, 2021, the State had until at least August 27, 2022, to commence trial against Defendant.

We also find that the governor's emergency proclamations suspended the time period to commence Defendant's trial by ninety days.

Accordingly, we reverse the trial court's grant of Defendant's motion to quash and remand for further proceedings in accordance with this court's opinion.

**REVERSED AND REMANDED.**