977 So.2d 187 (2008)
STATE of Louisiana
v.
Rudy FRANCIS.
No. 2007-KA-0480.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 2008.
*188 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
TERRI F. LOVE, Judge.
The defendant, Rudy Francis, was indicted for second degree murder, in violation of La. R.S. 14:30.1. The defendant filed a motion to quash the grand jury indictment alleging the State of Louisiana failed to bring this matter to trial within the time limitations set forth by the Louisiana Code of Criminal Procedure. After conducting an evidentiary hearing, the trial judge granted the motion to quash and dismissed the State's indictment. We hold that the trial court erred in granting the motion to quash in that it was premature and therefore reverse the judgment of the trial court.

PROCEDURAL HISTORY
On October 30, 2003, the defendant was re-indicted for the crime of second degree murder. The defendant was arraigned and pled not guilty on November 18, 2003. A three-day jury trial was concluded on June 1, 2004, without a verdict being *189 reached[1]. According to the docket master, the defendant failed to appear at several hearings following the mistrial. On December 16, 2004, the trial court issued a warrant for the defendant's arrest. On March 8, 2005, the defendant appeared for a pre-trial conference. The warrant was withdrawn and trial was set for May 31, 2005. On that date, the trial was continued by the defense and reset for August 16, 2005. On that date, the case was continued on the court's motion, and trial was set for February 3, 2006. During the interim, New Orleans was devastated by the effects of Hurricane Katrina on August 29, 2005.
Following Hurricane Katrina, a pre-trial conference was held on December 19, 2005, but the defendant did not appear in court. Although the trial date was set for February 3, 2006, the minute entry on that day reflects that a pre-trial conference was held instead. Again, the defendant did not appear and the pre-trial conference was rescheduled for February 14, 2006. Likewise, on that date, the defendant did not appear; furthermore, the record was unable to be located, and a pre-trial conference was set for March 31, 2006. On that date, the defendant appeared, and a trial date of November 13, 2006 was selected.
The November 13, 2006 trial was continued on the State's motion. On November 28, 2006, the trial date of March 12, 2007 was selected. On March 9, 2007, the defendant filed a motion to quash the indictment, arguing that the time periods for institution of trial had expired. On March 12, 2007, the trial court conducted an evidentiary hearing on the motion, and the State presented the testimony of Beverly Richards, the former Jury Commissioner for Orleans Parish, and Eddie Jordan, the former Orleans Parish District Attorney.[2] Following the hearing, the court heard argument on the matter.
On March 13, 2007, the trial court granted the defendant's motion to quash and entered a per curiam. The State noticed its intent to appeal, and the trial court granted the motion for appeal.

STANDARD OF REVIEW
In State v. Campbell, 404 So.2d 956, 959 (La.1981), the Louisiana Supreme Court discussed appellate review in criminal matters as it relates to prescription as follows:
"Although the plea of prescription presented in a criminal case is a question of fact, it is not a question of fact relating to the guilt or innocence of the accused. The decision of the trial judge as to whether the offense charged is prescribed is reviewable by this court on the same facts upon which the decision was based."
However, it is quite clear that in reviewing a trial judge's ruling on a preliminary motion this court attaches great weight to his factual determinations and will not disturb them unless they are clearly erroneous. State v. Holley, 362 So.2d 1089 (La.1978). *190 State v. Campbell, 404 So.2d 956, 959, citing State v. Guillot, 200 La. 935, 9 So.2d 235 (1942).

MOTION TO QUASH
In its appeal, the State argues that the trial court's ruling on defendant's motion to quash should be reversed as the one-year limitation period for the commencement of defendant's new trial imposed by La.Code Crim. Proc. art. 582 was interrupted by the effects of Hurricane Katrina on the criminal justice system. The State contends that the interruption ceased on June 5, 2006, when the first jury trial following Hurricane Katrina was held. Accordingly, the State contends that the limitation period would not have expired until June 5, 2007, and the granting of defendant's motion to quash on March 13, 2007, came prior to the expiration of the limitation period.
La.Code Crim. Proc. art. 578 provides that trial of non-capital felony cases must commence within two years of the date of the institution of prosecution. Furthermore, La.Code Crim. Proc. art. 582 provides that when there is a mistrial, the State must commence the second trial within one year from the date the mistrial is ordered, or within the period established by art. 578, whichever is longer.
The limitation periods of articles 578 and 582 may be either suspended or interrupted. State v. Brooks, 505 So.2d 714 (La.1987). La.Code Crim. Proc. art. 580 provides that the period of limitation is suspended when a defendant files a motion to quash or other preliminary plea, "but in no case shall the State have less than one year after the ruling to commence the trial." A motion for continuance filed by defendant is a preliminary plea under La. Code Crim. Proc. art. 580. State v. Fabacher, 362 So.2d 555 (La.1978); State v. Cranmer, 306 So.2d 698 (La.1975).
La.Code Crim. Proc. art. 579, relative to interruption of the time limitations upon the commencement of trial, provides in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(2) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Furthermore, La.Code Crim. Proc. art. 583 governs the effect of an interruption following a mistrial as follows:
The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists.
In State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, the Supreme Court explained the mechanics of interruption and suspension as follows:
An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." Once the *191 cause of interruption disappears, the two-year time limit begins anew. See La.Code Crim. Proc. Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim. Proc. Ann. art. 580.
Id., p. 4, 630 So.2d at 1287 (footnotes omitted).
In granting the defendant's motion to quash, the trial court utilized March 8, 2005, the date when the defendant returned to court after failing to appear, as the starting point for its analysis. Pursuant to La.Code Crim. Proc. articles 583 and 579, the court concluded that the State had until March 8, 2006 to commence trial. Additionally, the court concluded that in addition to the one year period, the State should be afforded an additional ninety days pursuant to the Governor's Executive Order KBB 2005-67. Accordingly, the trial court concluded that the State had until June 8, 2006 to commence trial.
In response to the State's argument that Hurricane Katrina was an interruption upon trial pursuant to La.Code Crim. Proc. article 579, and that the interruption ceased on June 5, 2006, the trial court stated in a per curiam:
The district court finds that argument without merit. . . .
Although Hurricane Katrina had a devastating effect on the operations of the criminal justice system, I do not believe that the district attorney's office should receive any additional time extensions past the 90 days afforded to them by Governor Blanco's executive order dated October 19, 2005. Since the Louisiana Criminal Code is silent on court closures due to a natural disaster, the Governor addressed this issue in her executive order. Therefore, the district attorney's office should not be afforded any additional time for their prosecutions. As in this case, if the district attorney selected a trial date past the time limitations set out by La.C.Cr.P. Article 582, they do so at their own detriment.
Subsequent to the issuance of the trial court's per curiam, this Court decided State v. Brazile, XXXX-XXXX (La.App. 4 Cir. 5/30/07), 960 So.2d 333, writ denied, 07-1339 (La.1/7/08), 973 So.2d 733. In Brazile, this Court found that Hurricane Katrina was a cause beyond the control of the State that prevented the State from trying the defendant pursuant to the terms La. Code Crim. Proc. art. 579. In Brazile, we did not make a determination of when the interruption ceased, as the motion to quash was granted within two years of August 29, 2005. Nevertheless, in the case sub judice because the defendant's first trial resulted in a mistrial, this case is governed by La.Code Crim. Proc. article 583, which provides that trial must commence within one year from the date the cause of interruption no longer exists. Accordingly, it is necessary to determine when the interruption ceased.
The State alleges that the date of the first jury trial in Criminal District Court following Hurricane Katrina (June 5, 2006) is the appropriate date for calculating the conclusion of the interruption. A review of the record from the March 31, 2006, pre-trial conference reflects that the State requested the earliest trial date possible and informed the court that it was prepared to try the defendant in April, June or July of 2006. However, the trial court denied this request on the basis that defense counsel was unavailable.
*192 The trial court essentially took the position that a trial could have been conducted much sooner than June 5, 2006, if only the State had made such an attempt. However, the State contends that the trial court's assessment of what was feasible in the early months of 2006 is belied by the court's own statements made during the March 31, 2006 pre-trial conference[3]. We note that based on the testimony and the record before us, that as of June 5, 2006, disruptions to the criminal justice system in Orleans Parish as a result of Hurricane Katrina ceased to exist such that the State could reasonably have seated a jury and conducted a trial. The transcript reflects that a letter was disseminated by the Chief Judge of the Orleans Parish Criminal District Court to the effect that "effective June 5th jury trials have resumed at Criminal District Court. Approximately 170 jurors have been selected to serve here." Accordingly, June 5, 2006 was the date on which the period of interruption resulting from Hurricane Katrina ceased to exist. After reviewing the transcript of the evidentiary hearing in which the Orleans Parish Chief Judge of Criminal District Court, the District Attorney and Jury Commissioner testified, we find no evidence to support the assertion that criminal jury trials could have been conducted prior to June 5, 2006. Thus, the State was effectively prevented from trying the defendant at any point prior to June 5, 2006. Hurricane Katrina interrupted the limitations on trial pursuant to La.Code Crim. Proc. art. 579.
Further, the defendant's case ended in a mistrial on June 1, 2004, as the jury was unable to reach a verdict. Therefore, under La.Code Crim. Proc. Art. 582, the State had until June 1, 2005 to bring the defendant to trial. However, on December 16, 2004, a warrant was issued for the defendant's arrest after the defendant failed to appear for a scheduled court appearance; the warrant was not recalled until March 8, 2005. Trial was then set for May 31, 2005. Thus, the interruption, which occurred due to the defendant's failure to appear on December 16, 2004, ceased on March 8, 2005, when he appeared and was served with a subpoena for trial on May 31, 2005.
Therefore, the State had a year from March 8, 2005 within which to bring the defendant to trial, or until March 8, 2006. In the interim, on May 31, 2005, on the defense's motion, the trial date was reset for August 16, 2005. The trial court's analysis, however, failed to account for this May 31, 2005 defense continuance. This continuance acted as a suspension of the time limitation pursuant to La.Code Crim. Proc. art. 580, giving the State one year from August 16, 2005 within which to try the defendant, or until August 16, 2006.
Again, the trial was continued on August 16, 2005 by the trial court and the matter was rescheduled for February 6, 2006; the defendant was given notice of the February date in open court.[4] The defendant failed to appear in February 2006, which was another interruption attributable to the defendant. The defendant *193 next made an appearance on March 31, 2006. Therefore, the interruption did not cease until March 31, 2006, when the defendant made an appearance.
Pursuant to La.Code Crim. Proc. art. 580, the State had no less than one year from March 31, 2006, to commence trial, or until March 31, 2007. On March 31, 2006, the matter was set for trial on November 13, 2006, but on November 13, 2006, the matter was continued by the State until March 12, 2007. On that date, the trial court conducted a motion hearing. The trial court's grant of the motion to quash on March 13, 2007 came before the expiration of the time limitations on trial, which was March 31, 2007. Therefore, the grant of defendant's motion to quash on March 13, 2007 was premature.
The State had until March 31, 2007 to try the case given the defendant's failure to appear in court in February 2006 and because the period of interruption did not cease to exist until March 31, 2007, when the defendant eventually appeared in court. We also take judicial notice of the Governor's Executive Order (KBB 2005-67) as ratified by the Louisiana Supreme Court, which gives the State an additional 90 days. Thus, taking into account this 90-day extension, the State had until June 29, 2007 to commence trial. We, therefore, hold the trial court's grant of the defendant's motion to quash on March 13, 2007 was clearly erroneous.

DECREE
Accordingly, the trial court's granting of the motion to quash is reversed.
REVERSED.
NOTES
[1] La.Code Crim. Proc. art. 582 provides that in the event of a mistrial, the State must commence the second trial within one (1) year from the date the mistrial is ordered, or within the period established by La.Code Crim. Proc. art. 578, whichever is longer. Thus, thus State had one (1) year from June 1, 2004 to re-try Mr. Francis. For purposes of this discussion, we assume that one (1) year was longer than the remaining time on the original two (2) year period, which the State would have had pursuant to La.Code Crim. Proc. art. 578(2) to initially try Mr. Francis.
[2] At the time of the evidentiary hearing, Ms. Beverly Richards was no longer serving as the Orleans Parish Jury Commissioner and Mr. Eddie Jordan was the Orleans Parish District Attorney.
[3] The contemporaneous comments of the trial court that the effects of Hurricane Katrina on the criminal justice system were such that the State was effectively prevented from trying the defendant at any point prior to at least March 31, 2006. The trial judge stated, "And right now, we have not been able to  We have not had a jury trial yet. We are not equipped to actually handle a jury situation . . ."
[4] As a result of Hurricane Katrina, the February 2006 date is changed sometime in December 2005 from a trial setting to a pre-trial conference, but, in any event, the defendant fails to appear in February 2006. This was another interruption.