JOAN BERNARD ARMSTRONG, Chief Judge.
 

 | ,The appellant, the State of Louisiana, appeals the granting of the motion of the defendant, Albert J. Williams to quash the bill of information.
 

 The defendant was arrested on April 3, 2004 and charged by bill of information on April 14, 2004, with the offense of possession of heroin, a violation of La. R.S.
 
 *905
 
 40:966. The underlying facts surrounding the arrest in this case are not relevant as the only issue on this appeal relates to the timeliness of the prosecution.
 

 La.C.Cr.P. art. 578(A)(2) requires that in non-capital felony offenses, such as that with which the defendant is charged, trial must be commenced within two years of prosecution. However, La. C.Cr.P. art. 579 A(l) provides in pertinent part for the interruption of the two year period “for any ... cause beyond the control of the state.” Once the cause of interruption ceases, the two-year time limit begins anew.
 
 State v. Rome,
 
 93-1221, p. 2 (La.1/14/94), 630 So.2d 1284, 1287. Hurricane Katrina intervened in the instant case and that has been held to interrupt the La.C.Cr.P. art. 578 A(2) two-year time period.
 
 State v. Brazile,
 
 06-1611, p. 4 (La. App. 4 Cir. 5/3/07), 960 So.2d 333, 335-336. In
 
 State v. Francis,
 
 07-0480, p. 7 (La.App. 4 Cir. 1/30/08), 977 So.2d 187, 192, June 5, 2006 was found to be the date after Katrina on which the two-year period started to run again. That gave the |2State until June 5, 2008, in which to comply with the two-year time period. Prior to the expiration of that time, on May 15, 2008, the defendant filed a Motion to Quash. La. C.Cr.P. art. 580 provides that the filing of a motion to quash suspends the running of the two-year time period and that the State has a minimum of one year thereafter in which to commence trial. That one-year time period has not yet expired.
 

 The defendant does not seem to dispute these facts. He seems to argue instead that the accumulation of these delays, while valid under statutory law, are unconstitutional under the facts of this case, largely as a violation of the defendant’s right to a speedy trial, i.e., the statutes are unconstitutional as applied to the facts of this case. However, we find no evidence in the record suggesting that the defendant raised constitutional objections in the trial court. The constitutionality of a statute cannot be raised for the first time on appeal. An attack upon the constitutionality of a statute must first be presented in the trial court.
 
 Williams v. State, Dept. of Health and Hospitals,
 
 95-0713 (La.1/26/96), 671 So.2d 899, 901-902;
 
 State v. Mickel,
 
 07-47, p. 15 (La.App. 5 Cir. 5/29/07), 961 So.2d 516, 526. A party contesting the constitutionality of a statute has a three-tier burden.
 
 Williams, supra; Michel, supra.
 
 The presentation must be made in the trial court, the unconstitutionality must be specially pleaded, and the grounds for the claim particularized.
 
 Williams, supra; Michel, supra.
 

 In the transcript of the June 17, 2008 hearing on the defense motion to quash the trial judge in explaining why she granted the motion explained that the State knew where the defendant was for some period of time (sitting in jail) prior to Katrina and yet failed to prosecute. The ADA attempted to argue that La.C.Cr.P. | sart. 578 allowed two years in which to bring the defendant to trial, which two year period clearly had not elapsed prior to Katrina.
 

 The trial judge stated that:
 

 The defendant was in jail and you all were pretending like you were looking for him and he’s sitting there in jail saying, “Here I am.” And you did nothing. So, I’m granting that Motion to Quash.
 

 Thus, it appears to this Court that the trial court did not allow the La.C.Cr.P. art. 578 two-year period in which to bring the defendant to trial to be interrupted by Katrina believing that the State knew where the defendant was and could have tried him sooner. This inference seems to be a reference to La.C.Cr.P. art. 579(A)(1) which provides for interruption of the time
 
 *906
 
 period where the defendant absents himself for the purpose of avoiding detection which the defendant did not do in this case. However, this fails to take into account the provisions of La.C.Cr.P. art. 579(A)(2) which allows for interruption of the two-year period “for any other cause beyond the control of the state.” The fact that the State could have tried the defendant sooner is impertinent as long as the State brings the defendant to trial within the time period allowed by La.C.Cr.P. art. 578, subject to the interruptions allowed by La.C.Cr.P. art. 579 and the suspensions allowed by La.C.Cr.P. art. 580. Pursuant to
 
 Rome, Brazile
 
 and
 
 Francis
 
 cited, supra, we find that the State is not untimely and that the filing by the defendant of the motion to quash has further extended the time in which the State must commence trial in accordance with La.C.Cr.P. art. 580.
 

 For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this decision.
 

 REMANDED.