# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-746

**STATE OF LOUISIANA**

**VERSUS**

**WILLIE J. STEVENS, SR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20686-18
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Guy E. Bradberry, Judges.

**REVERSED AND REMANDED.**

**Jeff Landry**
**Attorney General**
**Tasha Stockwell**
**Assistant Attorney General**
**1885 N. Third Street**
**Baton Rouge, La 70804-9005**
**(225) 326-6210**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Annette Fuller Roach**
**Roach & Roach, APLC**
**P. O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Willie J. Stevens, Sr.**

**Wilford D. Carter**
**Attorney at Law**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Willie J. Stevens, Sr.**

**PICKETT, Chief Judge.**

## FACTS

On November 29, 2018, the defendant, Willie J. Stevens, Sr., was charged by bill of indictment with first degree rape, in violation of La.R.S. 14:42. On December 7, 2021, the defendant filed a motion to quash based on the state's failure to timely commence trial. The trial court granted the motion to quash following a contradictory hearing held on January 13, 2022. The state now appeals the trial court's ruling. For the following reasons, the trial court's ruling granting the motion to quash is reversed and the matter is remanded for further proceedings.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. The present appeal was filed by the state seeking review of the trial court's granting of the defendant's motion to quash. This court has found that an error patent review is required in such cases. *State v. Nguyen*, 14-639 (La.App. 3 Cir. 11/5/14), 150 So.3d 562; *State v. Jones*, 13-395 (La.App. 3 Cir. 11/6/13), 130 So.3d 1; *State v. Brignac*, 10-276 (La.App. 3 Cir. 10/6/10), 49 So.3d 960; *State v. Gutweiler,* 06-561 (La.App. 3 Cir. 9/27/06), 940 So.2d 160, *judgment affirmed in part, reversed in part on other grounds*, 06-2596 (La. 4/8/08), 979 So.2d 469. After reviewing the record, we find there are no errors patent.

## DISCUSSION

In its sole assignment of error, the state asserts the trial court abused its discretion in granting the motion to quash. The state contends the dispositive question before this court is "whether court closures caused by Hurricane Laura qualify as 'cause[s] beyond the control of the state' under La. Code Crim. P. art. 579(A)(2) and thus interrupt the two-year period for bringing non-capital felony

cases to trial." Relying on this court's recent decision in *State v. Simmons*, 22-208 (La.App. 3 Cir. 10/19/22), 350 So.3d 599, *writ denied*, (La. 2/7/23), ___ So.3d ___, the state argues it does. In contrast, the defendant argues this court should not follow *Simmons* for numerous reasons, and alternatively, if this court finds the time limitation was interrupted by Hurricane Laura as this court found in *Simmons*, then La.Code Crim.P. art. 579 is unconstitutional.

Before addressing the merits of the arguments, we set forth the applicable law regarding a motion to quash. The standard of reviewing a motion to quash is as follows:

> Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206. However, the trial court's legal findings are subject to a de novo standard of review. **State v. Hamdan**, 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816; **State v. Smith**, 99-0606, p. 3 (La. 7/6/00), 766 So.2d 501, 504. This case presents both a question of law as to the proper interpretation of the meaning of the La. C.Cr.P. art. 576 phrase "based on the same facts" and a question as to the propriety of the trial court's application of that provision to the facts and circumstances of the instant case.

*State v. Gray*, 16-687, pp. 3-4 (La. 3/15/17), 218 So.3d 40, 43.

Louisiana Code of Criminal Procedure Article 578 provides, in pertinent part, "Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable: . . . [i]n other felony cases after two years from the date of institution of the prosecution[.]" Once a defendant shows the state has failed to bring him to trial within the time limitation, the state "bears a heavy burden of demonstrating that either an interruption or a suspension tolled the prescriptive period." *State v. Schmidt*, 21-491, p. 3 (La. 1/28/22), 333 So.3d 411, 413 (citing *State v. Morris*, 99-3235 (La. 2/18/00), 755 So.2d 205 (per curiam)). In

2

*State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, the supreme court summarized the difference between interruptions and suspensions as follows:

> An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, *or for any other cause beyond the control of the state*." Once the cause of interruption disappears, the two-year time limit begins anew. *See* La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.

*Rome*, 630 So.2d at 1287 (emphasis added)(footnote omitted).

Since prosecution was instituted against the defendant on November 29, 2018, the state had until November 29, 2020, to commence trial unless the prescriptive period was interrupted or suspended. *See* La.Code Crim.P. art. 578(A)(2).[1] The defendant had not proceeded to trial at the time his motion to quash was filed on December 7, 2021. Therefore, his motion to quash was facially meritorious.

At the motion to quash hearing held on January 13, 2022, the state argued the prescriptive period had not yet lapsed for two reasons. First, the state argued that the defense's failure to object to the state's motions to continue the February 18, 2020 and the November 8, 2021 trial dates qualified as joint motions to continue. The state contended the unopposed motions to continue sufficiently suspended the time limitation under La.Code Crim.P. art. 580, but the trial court found the state's unopposed motions did not constitute a suspension.

---

[1] The motion to quash hearing was held before this court rendered its decision in *Simmons*, 350 So.3d 599.

3

Second, the state asserted the prescriptive period was interrupted by Hurricane Laura, which caused the prescriptive period to run anew. The state discussed numerous fourth circuit cases which held that extended court closures due to Hurricane Katrina constituted "cause[s] beyond the control of the state" and interrupted the time limitation under La.Code Crim.P. art. 579(A)(2). The trial court rejected the state's interruption argument, because it determined that granting the state an additional two-year prescriptive period was not "equitable, fair, or constitutionally allowable." The trial court then granted the defendant's motion to quash:

**THE COURT:**

I find that there was no cause beyond the control of the State at the point that the time period began to run anew . . . . I take no joy in interrupting -- in granting this motion. Quite honestly, this is -- this is a very serious case. I'm sure the victim -- the alleged victim, complaining witness want[s her] day in court. But I think that the constitution of the State is designed to protect not only the rights of victims, but firmly, the rights of the defendant --

. . . .

-- and his rights were violated. And I think the Motion to Quash is not only the right mechanism, but I think it's the only mechanism under which you can attack this matter. And I think it was appropriately filed. I find that was appropriate, and I grant the Motion to Quash.

The following relevant events occurred between the institution of prosecution and the filing of the motion to quash:

– **November 29, 2018**: Bill of indictment filed charging the defendant with first degree rape.

– **December 4, 2018**: Motion for Discovery and Motion for Bill of Particulars filed by the defendant (trial court order signed December 4, 2018).

– **December 10, 2018**: The defendant entered a plea of not guilty and elected to be tried by jury. Pretrial conference fixed for March 4, 2019. Discovery tendered by the state.

4

– **December 18, 2018**: Answer to Motion for Discovery and Motion for Bill of Particulars filed by the state.

– **June 13, 2019**: Trial set for February 18, 2020.

– **January 8, 2020**: Second Motion for Discovery and Motion for Bill of Particulars filed by the defendant (trial court ordered signed January 8, 2020).

– **January 9, 2020**: Answer to Second Motion for Discovery and Motion for Bill of Particulars filed by the state.

– **February 11, 2020**: On the state's unopposed motion, trial date continued to September 21, 2020 (trial court granted motion on February 12, 2020).

– **March 16, 2020**: Louisiana Supreme Court ordered all jury trials scheduled to commence between March 16, 2020, and March 27, 2020, to be continued to a date no earlier than April 13, 2020. (Order #2020-4 and #2020-5).

– **March 16, 2020**: Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least Monday, April 13, 2020. (Proclamation # 30 JBE 2020).

– **March 20, 2020**: Louisiana Supreme Court ordered all jury trials scheduled to commence between March 20, 2020, and April 13, 2020, to be continued to a date no earlier than April 14, 2020. (Order #2020-5).

– **March 23, 2020**: Louisiana Supreme Court repealed and replaced its prior orders from March 16 and March 20, 2020, and ordered that all jury trials set to commence between March 23, 2020 and May 1, 2020, to be continued to a date no earlier than May 4, 2020. (Order #2020-7).

– **April 2, 2020**: Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least April 30, 2020. (Proclamation # 41 JBE 2020).

– **April 22, 2020**: Louisiana Supreme Court ordered no jury trials were to commence before June 30, 2020, and all provisions of previous orders not explicitly altered remained binding. (Order #2020-10).

– **April 30, 2020**: Louisiana Supreme Court ordered all provisions of its April 6, 2020 order (as modified on April 22) to remain in effect. (Order #2020-12).

– **April 30, 2020**: Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods

applicable to legal proceedings, until May 15, 2020. (Proclamation # 52 JBE 2020).

–	**May 14, 2020**: Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until June 5, 2020. (Proclamation # 59 JBE 2020).

–	**May 15, 2020**: Louisiana Supreme Court repealed and replaced the April 6, April 22, and April 29, 2020 orders and ordered that no jury trials shall commence before June 30, 2020. (Order #2020-15).

–	**June 4, 2020**: Governor's Emergency Proclamation suspending all legal deadlines, EXCLUDING LIBERATIVE PRESCRIPTION AND PEREMPTIVE PERIODS APPLICABLE TO LEGAL PROCEEDINGS, until June 15, 2020. Liberative prescriptive and preemptive [sic] periods suspended through July 5, 2020. (Proclamation # 75 JBE 2020).

–	**June 5, 2020**: Louisiana Supreme Court ordered that all provisions of the May 15, 2020, order remain in effect. (Order #2020-17).

–	**August 27, 2020**: Hurricane Laura made landfall.

–	**August 28, 2020**: Louisiana Supreme Court issued an emergency order suspending all prescriptive, peremptive, and abandonment periods statewide for a period of thirty days commencing from Governor's August 21, 2020 declaration of state of emergency. (Order #2020-25).

–	**September 9, 2020**: Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within twenty-one parishes, including Calcasieu Parish. The suspended period commenced on August 21, 2020, and lasted thirty days. (Order #2020-28).

–	**September 21, 2020**: The defendant's trial date passed due to the Fourteenth Judicial District Court's continued closure.

–	**September 22, 2020**: Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within eight parishes, including Calcasieu Parish. The suspension commenced on September 21, 2020, and was for thirty days. (Order #2020-32).

	**NOTE**: November 29, 2020 is two years after the bill of indictment was filed.

–	**January 6, 2021**: Trial date reset for November 8, 2021.

- **January 11, 2021**: Louisiana Supreme Court ordered that no jury trials commence before March 1, 2021. (Order #2021-2).

- **February 11, 2021**: Louisiana Supreme Court ordered that no jury trials commence before April 1, 2021. (Order #2021-6).

- **November 8, 2021**: On the state's unopposed motion, trial date is continued and reset for January 24, 2022.

- **December 7, 2021**: Motion to Quash filed by the defendant.

In brief to this court, the state argues the trial court erred in granting the motion to quash, because the extended court closure caused by Hurricane Laura was a "cause beyond the control of the state" which interrupted the two-year time limitation for commencing trial. Because an interruption causes the time limitation to run anew, the state argues that the time for commencing trial had yet to expire at the time the defendant filed his motion to quash. The state does not argue, as it did in the trial court, that the state's unopposed motions to continue constituted joint motions, which would suspend the time limitation under La.Code Crim.P. art. 580. Rather, the state maintains its interruption argument and relies on this court's decision in *Simmons*, 350 So.3d 599, asserting the application of *Simmons* requires reversal of the trial court's ruling.

Before addressing the defendant's arguments in brief, we will discuss *Simmons*. In *Simmons*, the trial court granted the defendant's motion to quash based on the state's failure to timely commence trial, and the state filed an appeal. A panel of this court determined the trial court erred in finding the prescriptive period for commencing trial had expired for three different reasons: (1) the supreme court's January 11, 2021, and February 11, 2021 COVID-19 orders suspended the prescriptive period for seventy-nine days; (2) the extended court closure due to Hurricane Laura interrupted the prescriptive period and caused the prescriptive period to run anew for an additional two years; and (3) the governor's

7

emergency proclamations related to COVID-19 suspended the prescriptive period for ninety days. *Simmons*, 350 So.3d at 612. Regarding the state's interruption argument, this court discussed the issue as follows:

> The State argues that the various court closures due to COVID-19 and hurricanes should be treated as interruptions to the prescriptive period for commencing trial. According to La.Code Crim.P. art. 579, the State asserts, these interruptions caused the time period for commencing trial to start anew.
>
> As stated previously, in [*State v.*] *Bibbins*, [14-971, pp. 1-2 (La. 12/8/14),] 153 So.3d [419,] 419 (alterations in original), the supreme court took judicial notice of the landfall of Hurricane Isaac and ultimately concluded that Hurricane Isaac interrupted the prescription at issue in that case:
>
>> Writ granted. The ruling of the trial court is reversed. We may take judicial notice that the impending landfall of Hurricane Isaac in southeast Louisiana led to the closure of the Orleans Parish Criminal District Court on August 28, 2012 and prevented the state from bringing defendant to trial on that date. La.C.E. art. 201(C) ("A court may take judicial notice [of adjudicative facts], whether requested or not."); *State v. Fonseca,* 378 So.2d 389, 392 [(La. 1979)] ("[W]e are entitled to take judicial notice of the facts of nature [such as time of sunset on a particular day] under [former] La.Rev. Stat. 15:422(6)."); *State v. Lundy,* 131 La. 910, 60 So. 613, 614 (1913) ("This court takes judicial notice of the fact that, when the defendant was called for trial and for some time prior to that date, a considerable portion of the parish of Pointe Coupee was under water from the crevasses in the levees of the Mississippi river . . . ."). This cause beyond control of the state interrupted the two-year prescriptive period in which to bring defendant to trial. La.C.Cr.P. art. 579(A)(2); *State v. Patin,* 11-0488, p. 18 (La.App. 4 Cir. 5/23/12), 95 So.3d 542, 552 (Hurricane Katrina interrupted three-year prescriptive period to bring capital murder defendant to trial until jury trials resumed in Orleans Parish); *State v. Brazile,* 06-1611, p. 4 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 336 (same), *writ denied,* 07-1339 (La. 1/7/08), 973 So.2d 733. Therefore, the motion to quash filed by defendant on July 9, 2013 was premature and the trial court erred in granting him relief. The ruling of the trial court is reversed and the matter is remanded back to the trial court for further proceedings.

In *State v. Brazile*, 06-1611, pp. 4-5 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 335-36 (alterations in original), *writ denied*, 07-1339 (La. 1/7/08), 973 So.2d 733, the court found that Hurricane Katrina was a cause beyond the control of the State, interrupting the prescriptive period for bringing Brazile to trial:

> Given the language in La.C.Cr.P. art. 579, we find it unnecessary to piece together periods of suspension as provided by article 580. Article 579 provides that the period of limitation set forth in article 578 shall be interrupted if "the defendant cannot be tried because of . . . any . . . cause beyond the control of the state." Under La.C.Cr.P. art. 579(B) "periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists." As noted in *State v. Rome,* 93-1221, p. 4, 630 So.2d at 1287: "An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute."

> This Court acknowledges that the State was prevented from trying Mr. Brazile on September 19, 2005 and for some time thereafter while the court was not in operation due to Hurricane Katrina. An application of article 579 allows for the two-year limitation period imposed by article 578 to commence anew once the causes preventing the State from trying the defendant were removed and the court reconvened. This court need not determine exactly when this occurred as the motion to quash was granted after only a little more than one year had elapsed since Hurricane Katrina struck the Gulf Coast. At that point, the State still had at least a year in which to commence trial. Although the renewal of the entire two-year period could be construed as extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this matter and therefore is not currently before this court. As a court of review, we are restricted by the contents of the record. Thus, this Court must determine that the trial court erred in granting defendant's motion to quash.

According to the National Weather Service website, Hurricane Katrina made landfall on August 29, 2005. The fourth circuit's timeline of Brazile's trial indicates a joint motion to continue trial was made on August 23, 2005, continuing the trial until September 8, 2005. Thus, unlike in *Bibbins*, the trial in *Brazile* was not scheduled to be held the same day that Hurricane Katrina hit. Trial was scheduled, however, shortly after the hurricane hit.

In *State v. Davis*, 09-53 (La.App. 4 Cir. 9/30/09), 21 So.3d 1038, the fourth circuit found the interruption caused by Hurricane

Katrina applied to a case that was set for a pre-trial conference (not trial) on the same day the hurricane hit. Finally, in *State v. Williams*, 08-1046, p. 2 (La.App. 4 Cir. 2/10/09), 5 So.3d 904, 905-06, the fourth circuit found the prescriptive period was interrupted by Hurricane Katrina, even though the trial judge found the State could have brought Williams to trial prior to Katrina. Reversing the trial court's grant of Williams' motion to quash, the fourth circuit stated:

> Thus, it appears to this Court that the trial court did not allow the La.C.Cr.P. art. 578 two-year period in which to bring the defendant to trial to be interrupted by Katrina believing that the State knew where the defendant was and could have tried him sooner. This inference seems to be a reference to La.C.Cr.P. art. 579(A)(1) which provides for interruption of the time period where the defendant absents himself for the purpose of avoiding detection which the defendant did not do in this case. However, this fails to take into account the provisions of La.C.Cr.P. art. 579(A)(2) which allows for interruption of the two-year period "for any other cause beyond the control of the state." The fact that the State could have tried the defendant sooner is impertinent as long as the State brings the defendant to trial within the time period allowed by La.C.Cr.P. art. 578, subject to the interruptions allowed by La.C.Cr.P. art. 579 and the suspensions allowed by La.C.Cr.P. art. 580. Pursuant to *Rome, Brazile* and *Francis* cited, supra, we find that the State is not untimely and that the filing by the defendant of the motion to quash has further extended the time in which the State must commence trial in accordance with La.C.Cr.P. art. 580.

*Williams*, 5 So.3d at 905-06.

Although no trial was scheduled in the present case at or near the time of the court closure due to Hurricane Laura, a pre-trial conference was scheduled for September 22, 2020. Thus, activity was taking place in Defendant's case. Accordingly, we find the two-year prescriptive period in the present case was interrupted on August 27, 2020, by the extended court closure due to Hurricane Laura. Although there was some question in the Hurricane Katrina cases as to when the period of interruption ended and prescription began to run anew, such an analysis need not be made in this case. Even if the prescriptive period began to run anew on the same day Hurricane Laura hit, the State would have until August 27, 2022, to commence trial against Defendant. Thus, at the time of Defendant's motion to quash, the State would still have had almost a year to commence Defendant's trial.

Defendant contends that none of the supreme court orders regarding the hurricanes state that the time period was *interrupted*. Defendant asserts, "Louisiana Supreme Court's orders must prevail,

and those calculations state that they are meant to suspend time periods for cases that were continued because of the Court's Order...." The supreme court's orders should not change the legislature's statutory provision that a cause beyond the control of the State *interrupts* prescription.

> . . . .

> We further find the court closure due to Hurricane Laura interrupted the time period for commencing Defendant's trial and caused the time period to run anew for an additional two-year period.

*Simmons*, 350 So.3d at 609-12.

In the case *sub judice*, the defendant contends the discussion of the interruption issue in *Simmons* is dicta—which this court is not bound to follow—because this court determined the seventy-nine-day suspension due to the supreme court's COVID-19 orders was sufficient to find the prescriptive period had not lapsed at the time Simmons filed his motion to quash. The defendant supports his assertion that the interruption discussion is dicta by noting the argument was raised for the first time on appeal and, therefore, he contends it "was not squarely before the appellate court." Thus, the defendant asserts the finding that Hurricane Laura constituted an interruption in *Simmons* is not binding precedential law. Regardless of whether the interruption discussion is dicta, the defendant's argument attempts to make a distinction that does not make a difference. First, this court found the state's interruption argument to be a purely legal question which could be raised for the first time on appeal:

> There is no factual dispute that Hurricanes Laura and Delta and COVID-19 caused courts to close during the two-year time period in which Defendant's trial was to commence. Thus, the issue is not a factual issue but a legal issue as to whether the closures due to hurricanes and COVID-19 constituted a cause beyond the control of the State and, thus, interruptions of the time period under La.Code Crim.P. art. 579. Since this is purely a legal question, we find the issue is properly before this court.

11

*Id.* at 609. Second, we agree with *Simmons*, which, as discussed, analyzed numerous fourth circuit and supreme court cases before determining Hurricane Laura constituted a cause beyond the control of the state under La.Code Crim.P. art. 579(A)(2).

Despite this court's finding to the contrary, the defendant argues that La.Code Crim.P. art. 579(A)(2) does not apply to the present case, because the extended closure of the Fourteenth Judicial District Court due to Hurricane Laura was not attributable to his actions or inactions. The defendant argues the phrase "for any other cause beyond the control of the state" should not be read standing alone but should be read *in pari materia* with the other phrases set forth in La.Code Crim.P. arts. 579 and 580. Without citing to any supporting jurisprudence, the defendant asserts those articles permit interruption or suspension of the prescriptive period only when fault can be attributed to the defendant.

Louisiana Code of Criminal Procedure Article 579 provides, in pertinent part:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
>
> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other reasons beyond the control of the state; or
>
> (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
>
> B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

Louisiana Code of Criminal Procedure Article 580 sets forth the situations in which the prescriptive period is suspended:

A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.

B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.[2]

In contrast, the state argues it is irrelevant, based on the plain language of La.Code Crim.P. art. 579(A)(2), whether the court closures were causes beyond the defendant's control; it only matters that the court closures were beyond the state's control. The state also observes that the defendant concedes the court closures were beyond the state's control in his brief by arguing:

It is clear the legislature did not specifically address closure of courts within these articles, *a matter that would be beyond the control of either party*. It is submitted that the Code of Criminal Procedure fails to provide a proper remedy in the extraordinary situations the Fourteenth Judicial District Court faced in 2020 and 2021. The closures due to weather events and Covid-19 *were not caused by either party*. Thus, one party should not be placed at a disadvantage to the other party as a result of the closures.

The defendant's argument ignores the plethora of cases which apply La.Code Crim.P. 579(A)(2) to extended court closures caused by hurricanes, none of which were attributable to the defendants' actions or inactions. *See, e.g.*, *State v. Bibbins*, 14-971 (La. 12/8/14), 153 So.3d 419; *State v. Brazile*, 06-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, *writ denied*, 07-1339 (La. 1/7/08), 973 So.2d 733; and *State v. Williams*, 08-1046 (La.App. 4 Cir. 2/10/09), 5 So.3d 904.

The defendant also contends that because the supreme court orders regarding Hurricane Laura did not specifically state that the prescriptive period was interrupted, the orders must be construed as suspensions. However, when faced with the same argument in *Simmons*, 350 So.3d at 611, this court stated,

---

[2] Louisiana Code of Criminal Procedure Article 709(B) concerns an "absent witness [who] is on active military duty in the United States Armed Forces."

"The supreme court's orders should not change the legislature's statutory provision that a cause beyond the control of the state *interrupts* prescription." We agree.

Finally, the defendant argues that to find the supreme court orders regarding Hurricane Laura were interruptions, causing the prescriptive period to run anew, could result in absurd and unfair consequences for incarcerated defendants when courts are closed for "one day due to water issues, weather issues, [and] bomb threats[.]" Such is not the case here. The defendant's trial was set for September 21, 2020, but the state was unable to bring the defendant to trial due to the landfall of Hurricane Laura on August 27, 2020. The Fourteenth Judicial District Court was not closed for one day like in the defendant's hypothetical. The case before this court was not affected by a one-day court closure but by an extended, months-long court closure outside the state's control.

Thus, the court closure due to Hurricane Laura constitutes a "cause beyond the control of the state" under La.Code Crim.P. art. 579(A)(2) and *Simmons*, 350 So.3d 599. The two-year prescriptive period for commencing trial was interrupted on August 27, 2020. Even if the two-year prescriptive period began running anew on the same day Hurricane Laura made landfall, and even if the various suspensions are not calculated, the state had until at least August 27, 2022, to bring the defendant to trial. At the time the defendant filed his motion to quash on December 7, 2021, the state had at least 263 days to bring him to trial. It is, therefore, unnecessary to calculate the periods of suspension. The motion to quash was premature, and the trial court erred in granting the motion.

Finally, the defendant asserts that in the event this court finds the prescriptive period was interrupted by Hurricane Laura, La.Code Crim.P. art. 579 is unconstitutional as applied to him under the facts and circumstances of this case. As the state correctly notes, the defendant failed to challenge the constitutionality

14

of La.Code Crim.P. art. 579 in the trial court and does so for the first time on appeal. The defendant requests this court remand the case to the trial court to allow him to specially plead the unconstitutionality of La.Code Crim.P. art. 579, and he relies on *State v. Sadeghi*, 16-993, pp. 1-2 (La. 6/28/16), 194 So.3d 611, 611 (per curiam), wherein the supreme court stated the following:

> Writ Granted. The longstanding jurisprudential rule in Louisiana is that litigants must raise constitutional issues in the trial court, not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for the claim particularized. *Vallo v. Gayle Oil Company, Inc.*, 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865. In addition, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading. *State v. Hatton*, 02-2377, p. 15 (La.7/1/08), 985 So.2d 709, 720. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of a challenged statute so as to provide the trial court with thoughtful and complete arguments regarding the constitutional issues presented and to provide reviewing courts with an adequate record. *Id.* 02-2377 at 14, 985 So.2d at 719.

> Given the unique posture in which this case presents itself, wherein the defendant prevailed in the district court on grounds that did not require a determination of the constitutionality of La. R.S. 46:1846 and the constitutional issue was first raised in a memorandum in opposition to the State's writ application in the court of appeal, submitted on an expedited basis, within less than two hour's time [sic], in the interests of justice, we exercise our plenary, supervisory jurisdiction, vacate the judgment of the court of appeal, and remand this case to the district court to allow defendant to specially plead the unconstitutionality of La. R.S. 46:1846 as applied to him and for the issue to be fully litigated.

However, the supreme court expressly delineated that, generally, defendants must first raise a constitutional challenge in the trial court, and the supreme court only deviated from the general rule due to expedited nature of that particular case. In this case, no such circumstance existed. It is well-established that the grounds for the unconstitutionality of a statute must be specially pleaded in the trial court. Because the unconstitutionality of La.Code Crim.P. art. 579 was raised for the first time on appeal, this court will not to address that issue. *See, e.g., State v.*

*Campbell,* 263 La. 1058, 270 So.2d 506 (1972) (per curiam); *State v. Williams*, 08-1046 (La.App. 4 Cir. 2/10/09), 5 So.3d 904.

For the foregoing reasons, the trial court erred in granting the motion to quash and the ruling is reversed.

## CONCLUSION

This court hereby reverses the trial court's ruling granting the motion to quash and remands the matter for further proceedings in accordance with this court's opinion.

**REVERSED AND REMANDED.**